## L. M. Pike & Son, Inc. v. Town of Waterford

[296 A.2d 262]

No. 134-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*McKee, Clewley & FitzPatrick,* Montpelier, for Plaintiff.

*George W. Ray, Jr., Esq.,* of *Black & Plante,* White River Junction, for Defendant.

**Daley, J.** On March 5, 1963, the Town of Waterford enacted a zoning ordinance, which was revised on March 4, 1969. The revised version provides that all land within the town shall be zoned rural residential. The ordinance also provides for certain exceptions if approved by the board of adjustment. The board of adjustment, created by the ordinance, is also empowered to grant variances from the ordinance if it makes certain specific findings of fact, one of which being:

> "The special circumstances . . . that attach to the property in question, but do not generally apply to other property in the neighborhood, and have not resulted from any act of the applicant subsequent to the adoption of this ordinance." § 12(B)(1).

In April of 1970, the appellant purchased thirty acres of land lying both in the Towns of Waterford and Concord. In the months of April and May, 1970, the appellant, without a permit of any nature, erected a "1962 Heatherington & Berner bituminous batch plant" on land which it believed to be in the Town of Concord. The plant, which is for the manufacture of asphalt, became operational in July, 1970. In the month of May, 1970, appellant sought a variance from the zoning ordinance for the purpose of locating settling ponds used in connection with the plant then under construction. Subsequently, after completion of the plant, the appellant learned that the plant was located on land that was almost all in the Town of Waterford. Application for a variance was filed by the appellant with the Town of Waterford Board of Adjustment on November 13, 1970.

Hearing was held by the board of adjustment on the applications for the variance. The board subsequently filed written findings of fact and decision denying the application. The appellant appealed from the decision of the board to the Cale-

donia County Court. By stipulation of the parties pursuant to V.R.C.P. 75, the cause was before the county court solely for appellate review of the findings and decision of the board. The sole issue for resolution was whether the findings and decision of the board of adjustment were founded upon competent and proper evidence. The court held in its opinion and judgment order that the findings were properly supported by evidence and affirmed the decision of the board to deny the appellant's application for a variance from the zoning ordinance of the Town of Waterford.

The appellant appeals to this Court from the opinion and judgment of the county court seeking a determination of the identical questions raised before and determined below.

■■ A board of adjustment is only permitted to grant a variance from a zoning ordinance within the guidelines set forth in that zoning ordinance. *Thomson Methodist Church* v. *Zoning Board of Review*, 99 R.I. 675, 210 A.2d 138, 141 (1965). These guidelines, of course, must be within the limits of the enabling act passed by the state legislature which gives the power for a municipality to enact a zoning ordinance. 8 E. McQuillan, Municipal Corporations (3d ed. rev. F. Ellard 1965) § 25.58.

The enabling act giving the power to municipalities in this state to enact zoning ordinances is found in 24 V.S.A. Chapter 91. Subchapter 8 of this legislation empowers a municipality to create a board of adjustment. 24 V.S.A. § 4461. The power for that board to grant variances from municipal zoning ordinance is found in 24 V.S.A. § 4468(a) which reads in part:

> "On an appeal . . . wherein a variance from the provisions of a zoning regulation is the relief requested by the appellant, the board of adjustment may grant such variances, and render a decision in favor of such appellant, if all the following facts are found by the board . . . ."

These findings of fact are to include, among other things, that there are unique physical circumstances or conditions, et cetera, in connection with the lot size and/or topography; that there are such physical conditions and circumstances that there is no possibility that the property can be developed in strict conformity with the zoning regulations; that such unnecessary hardship has not been created by the appellant; that

the variance if authorized will not alter the essential character of the neighborhood, nor substantially or permanently impair the appellant's use or development of adjacent property not be detrimental to the public welfare. 24 V.S.A. § 4468 (a)(1)–(5).

Unless the board, by competent evidence, can make such findings, it cannot grant a variance because it simply does not have such power by law. 24 V.S.A. § 4468(a); *Cole* v. *Zoning Board of Review of East Providence*, 94 R.I. 265, 179 A.2d 846, 848 (1962); *Thomson Methodist Church* v. *Zoning Board of Review, supra.*

The burden of providing evidence enabling the board to make such findings rests with the applicant for the variance. As stated by Justice Burling of the Supreme Court of New Jersey in *Tomko* v. *Vissers*, 21 N.J. 226, 121 A.2d 502, 509 (1956):

> "The primary responsibility of the applicant is to supply competent and credible evidence to apprise the board of the nature and degree of the zoning burden sought to be alleviated through the variance procedure, and to demonstrate that the contemplated use of the property will not substantially impair the intent and purpose of the zoning as defined by the Legislature . . . ."

Justice Burling continued on 121 A.2d at 510:

> "Where the applicant fails to fulfill his responsibility in setting before the local agency the evidence necessary for it to exercise a seasoned discretion the failure is fatal; the board has no power to recommend a variance."

See also *Clouatre* v. *Board of Adjustment*, 130 Vt. 189, 289 A.2d 673, 678 (1972); *DiIorio* v. *Zoning Board of Review*, 105 R.I. 357, 252 A.2d 350, 353 (1969).

Herein alone, the appellant has failed, for the record of its own testimony is not sufficient to support a finding of the requirements in order for a variance to be granted as set forth both in the zoning ordinance of the Town of Waterford and 24 V.S.A. § 4468. In the absence of evidence upon which the board could make such a finding, the board of adjustment possessed no authority to grant a variance.

■■

■■ The heart of any variance to a zoning ordinance is the factor of imposing unnecessary hardship upon the owner of the land. 24 V.S.A. § 4468(a). See also Annot., 168 A.L.R. 13, 25–36 (1947). The general rule as stated by this Court in *DeWitt* v. *Brattleboro Zoning Board of Adjustment*, 128 Vt. 313, 321, 262 A.2d 472 (1970) is:

> "A person who purchases land with knowledge, actual or constructive, of zoning ordinances which are in effect at the time of purchase is said to have created for himself whatever hardship such restrictions entail. Relief has been denied by variance to a purchaser who has created his own hardship. *Slawson* v. *Zoning Bd. of Rev. of Town of Barrington*, 102 R.I. 552, 232 A.2d 362."

A review of the evidence reveals that the appellant purchased the property from a broker without ascertaining the boundaries or locations of town lines. It knew its lands lay both in Concord and Waterford and that Waterford was zoned residential. It never sought to have the location of its boundaries or the town lines ascertained until it had completed construction of the plant in an area later found to be within the Town of Waterford. Appellant's hardship, if any, was not created by the zoning ordinance in effect prior to the time that the appellant purchased the land, but by the very acts of the appellant. It cannot be said that the hardship arose directly out of the application of the ordinance to circumstances or conditions beyond the control of the applicant. Under these circumstances, 24 V.S.A. § 4468(a)(3) and the zoning ordinance prohibit a variance from being granted since it cannot be said as a matter of law—"That such unnecessary hardship has not been created by the appellant" nor that the hardship has—". . . not resulted from any act of the applicant subsequent to the adoption of this ordinance."

The zoning ordinance also provides that a manufacturing or a processing establishment may be entitled to a special exception if the board of adjustment approves the proposed architecture and landscaping as being in harmony with the general character of the neighborhood. § 5. In addition, the manufacturing or processing establishment shall not be noxious, dangerous or offensive by reason of emission or odor, dust, smoke, gas, noise, flame, or vibration. § 5(B-2). As stated

hereinbefore, the appellant had the burden of showing that his establishment was entitled to the variance, or, in this case, the special exception. *DiIorio* v. *Zoning Board of Review, supra.*

The record shows that the appellant did not comply with the first condition and receive prior approval of the architecture and landscaping from the board because he sought no exception from the ordinance until the plant was erected. Hence, a finding by the board that there was no opportunity to consider the proposed architecture and landscaping is supported by the evidence. The appellant did not offer any evidence to show that the architecture and landscaping of the plant was in harmony with the general character of the neighborhood; hence, it did not show the circumstances demanded by the ordinance to justify the board granting the special exception to the appellant. *Tomko* v. *Vissers, supra.*

Neither did the appellant offer any evidence to the board to show that the plant did not emit odor, dust, smoke, gas, noise, flame, or vibration as required by the ordinance to enable the board to grant a special exception. Since the appellant had the burden to present evidence to show that it met the requirements of the ordinance to enable the board to grant the exception, the board had no recourse but to deny the appellant's application for an exception. The fact that unsworn testimony was presented to the board alleging that the plant did emit odor, dust, noise, et cetera, was irrelevant to the decision by the board to deny the appellant a special exception of the ordinance. This testimony was presented to the board after the appellant had failed to present evidence showing that it was entitled to the special exception; therefore, it could have no effect on the board's decision.

The appellant, having failed to present facts to the board of adjustment upon which it could grant relief from the effects of the zoning ordinance, the decision in this cause must be:

*Judgment affirmed.*