# W. R. Sorg and North Hero House, Inc. v. North Hero Zoning Board of Adjustment

[378 A.2d 98]

No. 367-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed September 12, 1977

*Paul, Frank & Collins*, Burlington, for Plaintiffs.

*Yandell, Archer & Foley*, Burlington, for Stephanie D. Bugden.

**Larrow, J.** The Grand Isle Superior Court granted a variance from an interim zoning regulation of the Town of North Hero to North Hero House, Inc., a corporation owning and operating a hotel and motel on both sides of Route U.S. 2 in that town. The property comprises a main structure on the west side of the highway, formerly the Irving House and now North Hero House Inn, plus three other structures easterly of the highway, between it and Lake Champlain, used as motel units. The main structure has been operated as an inn since 1890, doing a summer seasonal business of about 80 days duration. Dr. and Mrs. W. R. Sorg, sole stockholders, purchased the property some eight years ago, and have improved it generally. The variance in question, denied by the local Board of Adjustment but granted on appeal by the Superior Court, would permit construction of a greenhouse addition to the Inn property, southerly of and as an addition to the present dining room, 13 feet wide and 30 feet long. This addition would "square out" the present south line of the inn building, bringing it to within 15 feet of the south property line, which is also the north

property line of appellant Stephanie D. Bugden's private residence. The addition in question requires a variance from the interim zoning regulations of the Town of North Hero, because those regulations, as the parties concede, call for a sideline setback of 25 feet; the proposed addition would leave only a 15 foot setback.

■ We are confronted with a practical difficulty at the outset, in that the parties did not put into evidence the text of the zoning regulations in question. Absent agreement about the proviso in controversy, we would have a deficient record, for municipal ordinances are not the subject of judicial notice. *Hambley* v. *Town of St. Johnsbury*, 130 Vt. 204, 290 A.2d 18 (1972). But the parties admit the proviso in question, and agree that the legal question presented is whether the action of the trial court can be sustained in light of the statutory provisions of 24 V.S.A. § 4468(a), requiring specified findings before a variance is granted. We will consider the issue presented, because sufficient undisputed facts are either found, or admitted in the briefs and records, to permit its resolution. *DeWitt* v. *Brattleboro Zoning Board of Adjustment*, 128 Vt. 313, 324, 262 A.2d 472 (1970). And see *State* v. *Murray*, 134 Vt. 115, 116, 353 A.2d 351 (1976).

The findings of the trial court, based almost entirely upon the testimony of Dr. Sorg and a view taken, are substantially undisputed except insofar as they are conclusory in nature. After purchasing the property, but before interim zoning was adopted, the Sorgs constructed a westward addition to the existing dining room. The court found the dining room to be still inadequate, even though the number of guests has not increased, nor is any increase contemplated. West of this addition, which was to the rear of the then existing structure, there has been constructed a large leach field servicing the motel units on the east side of the highway. Owned land north of the main structure is used for parking and driveway. The area southerly of the main building, where the greenhouse addition is proposed, has no present use and is screened by a thick planting. Lot size was not found, nor the distance between the Inn and the west and north property lines. The court found the proposed addition would not be "detrimental", would not increase business, and would have no entrance or exit towards appellant's property. It found many structures in the area to be

closer than 25 feet to property sidelines. It found expansion of the dining room in any direction other than the one proposed to be a practical impossibility, and held without specification or enumeration that the five criteria of 24 V.S.A. § 4468(a) had been met. We disagree and reverse.

The appellant here relies in large degree upon our holding in *DeWitt, supra,* and the statutory requirements of 24 V.S.A. § 4468(a), enacted after the variance application which was the subject matter of *DeWitt.* Appellees rely mainly upon *Lewis* v. *Pickering,* 134 Vt. 22, 349 A.2d 715 (1975). In *Lewis* the statutory criteria are quoted at length, and their repetition here would serve no useful purpose.

The applicability of *Lewis* to the instant case is at best slight. Involved there was the proposed construction of a summer residence, in a neighborhood made up of such residences. The lot in question was both narrow and shallow, laid out long before zoning, and did not meet area requirements. Development in strict conformity with the ordinance was imposssible. The deviation granted was the minimum which would afford relief; the essential character of the neighborhood was not affected. Even the existence of unnecessary hardship seems to have been unquestioned, with the only litigated issue being whether this admitted hardship was created by purchasing the lot with knowledge of its non-conformity. Our holding was a narrow one, that such purchase did not create the hardship, which had existed in the hands of the original owner. We held his grantee to have the same entitlement to a variance.

In the instant case, the issues are much broader, with all of the statutory criteria being challenged as unmet. We will consider each criterion, summarized, in its statutory order.

■ *(1) Unnecessary hardship due to unique physical circumstances or conditions.* The only specific finding below relating to uniqueness is that the property is unique because it is the only one containing an historic inn. This is clearly not the *physical* circumstance or condition contemplated by the statute, which enumerates irregularity, narrowness, shallowness of size or shape *of lot,* or exceptional topographical or physical conditions peculiar to the property. And certainly the existence of a leach field installed by the owners is not unique in our rural areas, nor is it a condition peculiar to the particular property.

Nor is the trial court's conclusion of unnecessary hardship supportable, and this is "the heart of any variance to a zoning

ordinance." *L.M. Pike & Son, Inc.* v. *Town of Waterford,* 130 Vt. 432, 436, 296 A.2d 262 (1972). Unlike the situation in *Lewis,* the property here is not only usable as an inn, but has been and still is so used, since 1890. The present owners, before zoning, even made substantial renovations and a dining room enlargement. Even given the proposed variance, they do not intend to install any more tables or accommodate any more guests; the new space would be used simply to house plants and provide more space and light in the dining room. The desire for expansion, held insufficient in *DeWitt,* is not even claimed in this case. And, as in *DeWitt,* the only hardship referred to is that of continuing its operation in an outdated facility. As we there stated, personal inconvenience is not basis for a variance, or even a more profitable use, which appellants disclaim. *DeWitt, supra,* 128 Vt. at 321. As appellant urges, all the record below shows by way of hardship is that the dining facilities would be more attractive and comfortable if the dining room were enlarged.

Nor do we find supportable the conclusion of the trial court that enlargement of the dining room, if so desirable, cannot be otherwise accomplished. There is nothing immovable about a leach field, and nothing in the record, which is devoid of lot measurements on the west and north of the inn, to show such removal could not be made, if required, to the west or to the north. Nothing would seem to preclude at least partial relocation to the south, within the area here in controversy. Nor does it appear why a building addition, without cellar and on piers often employed for seasonal construction, could not be made over the leach field as it presently exists. Nor was there evidence as to why existing space within the inn building was totally unavailable for dining room enlargement. Further, Dr. Sorg testified that the dining hours were basically short; no evidence was offered why the problem of overcrowding, if it indeed existed, could not be alleviated by reducing the number of tables and extending the hours of service. In our view, the factual situation here presented does not rise even to the level of "practical difficulties" justifying variance by statute in some jurisdictions. See 3 R. Anderson, American Law of Zoning, § 13.46 at 4 (1968).

*(2) No possibility of development in strict conformity, because of physical circumstances and conditions; necessity for variance*

*to enable reasonable use.* Much of what we have said under (1), *supra,* applies here also. But, most convincing, the inn has been operated as such for some 87 years; the present owners were familiar with the operation, as guests, long before they bought it. The development is present, and the use must be a reasonable one, because enlargement of it is what is sought. This statutory criterion is also unmet.

*(3) Unnecessary hardship not created by appellant.* It is arguable that failure to make sufficient expansion when that was legally possible is a creation of the hardship, if any. But we do not so decide, since we have already held, in (1), *supra,* that the claimed unnecessary hardship does not in fact exist.

*(4) No alteration of essential character of neighborhood, no impairment of use or development of adjacent property, no detriment to the public welfare.* We incline to agree with the trial court this statutory criterion would be met. But we cannot agree with assumption which seems to pervade the findings and conclusions below, that a desirable improvement which meets this test is entitled to a variance. *All* of the statutory criteria must be met. Enacted to take effect after the application date in *DeWitt,* the statute strengthens that holding, much of which rested upon provisions similar, but not identical, found in the Brattleboro ordinance. Now statutory, they override provisions adopted locally, if any, which would tend to derogate from them.

*(5) Authorized variance to represent the minimum needed to afford relief, and least possible modification of zoning and plan.* The record below is barren of evidence of the size of the present dining room in comparison to the proposed addition. There are no specifics as to number of tables or patrons accommodated. The owner did not even give his opinion as to the minimum enlargement needed. If the court intended to support this conclusion on the basis of the view taken, it does not so appear from its findings.

We conclude that there is no legal basis for granting the requested variance. It may well be that North Hero, in light of the location of existing structures, may want to reconsider through zoning amendment the sideline requirements it has established for the area here in question, or to provide, under the statute, guidelines for permitted expansion of existing, non-conforming uses. These are matters for decision at the local level, within the limits prescribed by statute. But the existing sideline provisions are admitted, and unattacked. For relief by way of a variance the statute governing its granting must

prevail, rather than a judicial finding indicating, at best, general desirability. The statutory criteria are conditions precedent, and as we have indicated, most of them are not here met.

*The judgment of the Grand Isle Superior Court is reversed. The October 8, 1975, decision of the North Hero Zoning Board of Adjustment, denying appellees' application for a variance, is reinstated. Appellants to recover their costs.*