STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
James Harrison and Janet Harrison } Docket No. 180-10-98 Vtec
}
}
}

DECISION and ORDER

Appellants James Harrison and Janet Harrison appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of St. Albans, denying their application for a variance. Appellants are represented by William T. Counos, Esq.; the Town of St. Albans is represented by David A. Barra, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge. The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the evidence, the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellants own a pre-existing small lot on Maquam Shore Road, in the Lakeshore zoning district of the Town of St. Albans. Maquam Shore Road is a four-rod road. In 1989 Appellants received conditional use approval to construct a single-family dwelling, and received a variance for the setback requirements from the road and from the lake, as the lot ranges from only 42 to 63 feet in depth, and no construction would have been possible on the lot in compliance with those setback requirements. The Zoning Bylaws require a setback of 30 feet from the right-of-way of the road; their variance allowed the house to be constructed to 19 feet from the traveled edge of the road. In 1991 Appellants received a building permit and built their house. Bedrooms are located within the house on the roadside side of the building. Appellants installed a cedar hedge in front of the house when the house was built.

1

Along Maquam Shore Road in the vicinity of Appellants' property, many of the properties have decks, wood fences, metal fences, hedges or trees installed close to the traveled portion of the road and within the Town's right-of-way. Along some segments of the road, steel guard rails are installed close to the traveled portion of the road. There have been fatal accidents on this road or other segments of Lake Road in which vehicles have hit pedestrians or have hit a wood structure or gone through a wood fence.

In 1998, Appellants replaced the cedar hedge with a concrete planter wall, in approximately the same location as the hedge. The cedar hedge had died back, possibly due to exposure to salt from the maintenance of the roadway. No evidence was presented as to whether Appellants investigated the availability of other, more salt-resistant species of trees to replace the cedars. The concrete planter wall is 82 feet long, 27 inches high and 18 inches wide. Appellants did not obtain a zoning permit[1] to construct the concrete planter wall. Appellants' purpose in replacing the cedar hedge with the concrete planter wall was to protect the house and its residents from the possibility of "errant traffic" going off the road and colliding with the house. A steel guard rail could have been installed along the road in front of Appellants' house, but Appellants and their consultant chose the concrete planter wall as a more aesthetically pleasing alternative. In the present proceeding, Appellants' sought a variance from the setback requirements to obtain a permit for the concrete planter wall.

Appellants first argue that the concrete planter wall falls within an exemption (for 'fences') from the definition of "structure" in the Zoning Bylaws, and that therefore no zoning permit or variance is or was required for it. Under §302(b)(i) the Zoning Bylaws require that a permit be obtained prior to new construction, relocation or substantial improvement of "any structure."

The term "structure" is defined in the Zoning Bylaws (Part V - Definitions) as:

---

[1] The question of whether other permission may be required from the Town to place the concrete planter wall within the road right-of-way is not before this Court in this case.

2

Anything constructed, erected or placed and which requires a fixed location on the ground in order to be used. Included, in addition to buildings, are garages, carports, porches, patios, swimming pools and any other outbuildings and building features. Not included are signs, sidewalks, driveways, fences and temporary docks or floats.

Zoning bylaws are to be construed most favorably to the property owner, as they are in derogation of common law property rights. Appeal of Weeks, 167 Vt. 551, 555 (1998). However, the court is equally bound by the plain language of the bylaw, if it can resolve an apparent conflict without doing violence to intent of the bylaw. Id. at 554.

The plain language of the definition of "structure' is all-inclusive, except for a few listed exceptions, as it includes anything and everything which meets the two criteria of being "constructed, erected or placed" and requiring "a fixed location on the ground in order to be used." Thus, plant materials including trees do not come within the term "structure" and do not require a permit, no matter how substantial they may be. On the other hand, patios and swimming pools, which are not buildings and which may or may not extend above the ground level, but which are fixed on the ground, are specifically mentioned as included within the concept of "structure." Also included in the definition of "structure" are "any other . . . building features." Walls are a common building feature.

Contrasted with the inclusive language of the main definition of "structure," the only exceptions to that definition are those specifically listed. That is, the exception provision does not by its terms cover other structures similar to signs, sidewalks, driveways, fences and temporary docks or floats. Appellants argue that the low concrete wall is instead an exempt "fence[2]." However, the specific list of exceptions shows that the intent of the bylaws was to make an exception for only these specific uses. If the intent of the bylaws had been to exempt walls below a certain height, or to exempt garden or patio walls, they could have been specifically listed. We must conclude that even though Appellants' concrete planter wall may serve the same function as a guard rail or other reinforced fence, it does not fall within an exception to the term 'structure', and therefore requires a permit.

---

[2] The dictionary definitions of fence proffered by Appellants are of little help, since they all define a fence as a structure, rather than as an exception to the term structure.

Appellants also argues that the concrete planter wall qualifies for a variance. In order to qualify for a variance, Appellants must meet all five requirements of §305(e) of the Zoning Bylaws. The property has the requisite physical conditions required by subsection (1), in that is a preexisting small lot which is too shallow to meet both the roadside and the lakeshore setbacks of the Zoning Bylaws. Allowing the wall to remain would not alter the essential character of the neighborhood. While the Town argued that the wall is detrimental to the public welfare by posing a risk of serious damage to the very "errant traffic" from which Appellants seek to protect themselves, we cannot make that finding from the evidence as presented to the Court, and therefore cannot conclude that the property fails to meet subsection (4).

However, the property fails to meet the three remaining requirements of §305(e). It fails to meet subsection (2) because a reasonable use was being made of the property from the time the house was built and hedge was installed in 1991. Appellants may prefer the protection of the wall as opposed to that provided by trees or a guard rail in the same location, but the wall is not necessary to enable a reasonable use of the property. Sorg v. N. Hero Zoning Bd. of Adjustment, 135 Vt. 423, 426-27 (1977). The property fails to meet subsection (3) in that Appellants replaced the cedars with the concrete planter wall rather than replacing them with other more substantial trees or a guard rail to provide the desired protection without the need for a variance.

Finally, it fails to meet subsection (5) in that the variance, if authorized does not represent the minimum variance that will afford relief and does not represent the least deviation possible from the setback requirement of the Zoning Bylaws, both because the wall is located eleven-and-a-half feet away from the front of the house, and could have been located closer to the house and farther from the traveled portion of the road, and because a fence or alternate tree plantings could have been installed which would not have required a variance.

Appellants' parcel fails to meet subsections (2), (3), and (5) of these five provisions; therefore it fails to qualify for a variance.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants'

application for a variance is DENIED.

Dated at Barre, Vermont, this 23rd day of February, 2000.

_____
Merideth Wright
Environmental Judge