STATE OF VERMONT

ENVIRONMENTAL COURT

In re Appeal of                           }

              }      Docket No. 161-9-99  Vtec

       Thomas and Jeanice Bachelder    }

              }

Decision and Order on Motion for Summary Judgment

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Fairfield denying their request for a variance from the lot access requirements of the zoning ordinance. Appellants are represented by  Robert E. Farrar, Esq.; the Town of Fairfield is represented by Michael S. Gawne, Esq.; Larry Bouchard has entered his appearance as an interested person and represents himself, but has not participated in the briefing of the present motion.  The Town has moved for summary judgment on the grounds that the Appellants or their predecessors created the hardship for which the variance is sought.

Both lots at issue in the present case are located in the Agricultural zoning district of the Town of Fairfield, on a large tract of land formerly owned by Auguste Lussier and acquired by him prior to the adoption of zoning in the town.  As of 1973 and continuing through at least 1985, the Zoning Ordinance provided in §A(4.3) that the minimum requirements for a single-family detached dwelling were a 1-acre lot size and 200 feet of road frontage.[1]  Section A(4.2) prohibited dwelling units on lots without frontage either on a public road[2] or public waters.  In 1978 and continuing through at least 1985, the Town of Fairfield did not have subdivision regulations.

---

[1]  The current ordinance continues to require 200 feet of road frontage.  §5.

[2]  The current ordinance allows the Planning Commission to approve access from an interior lot to a public road by a right-of-way at least 50 feet wide, provided that the property over which the right-of-way runs has at least 200 feet of road frontage. §29(a).

1

In 1978, Auguste Lussier created a subdivision, including the two lots at issue in the present case. The lots created by that subdivision do not qualify for the protections of provisions for pre-existing small lots because they were created after the adoption of the Town's zoning ordinance which established the frontage requirements. Because the lots do not meet the definitions of contiguous pre-existing small lots, we need not consider whether or when the merger requirements of the current Zoning Ordinance ever applied to them.

Mr. Lussier received a state subdivision permit EC-6-0635 (referenced in the deeds for each lot). The state permit may have required that future state water supply and wastewater permits be obtained before any construction of buildings requiring water supply or septic systems; that state permit was not provided in connection with the present motion and is not material to the present motion.

Lot 5 is an interior lot 1.57 acres in area, and is located partly in the Town of St. Albans and partly in the Town of Fairfield. It has no frontage on a public road in either town, but has access by a 30-foot-wide right-of-way across Lot 7, which is located entirely within the Town of Fairfield. Mr. Lussier conveyed the vacant Lot 5 to one J. Robert Audette in September of 1979. Appellants acquired it from Mr. Audette in May of 1980 and built a house on it pursuant to some town permit or approval not in evidence. At the time of its conveyance to Mr. Audette and at the time of its conveyance to Appellants, Lot 5 did not qualify under the Zoning Ordinance for the construction of a single-family dwelling, due to the lack of any road frontage.

Lot 7 is 1.80 acres in area, and has 30 feet of frontage on Rugg Road, a public road in the Town of Fairfield. Mr. Lussier conveyed the vacant Lot 7 to Appellants in May of 1982. At the time of its conveyance to Appellants, Lot 7 did not qualify under the Zoning Ordinance for the construction of a single-family dwelling, due to the lack of sufficient road frontage. The deed to Lot 7 also contains so-called "deferral of permit" language in compliance with the state subdivision permit, stating that Appellants "shall not construct or erect a structure or building . . . , the useful occupancy of which will require the installation of plumbing and sewage treatment facilities" without first complying with the state regulations governing water supply and sewage disposal. Lot 7 is unimproved. Appellants

2

grow Christmas trees on it.

During the period from 1982 to 1985 during which Appellants held both Lot 5 and Lot 7, no specific merger requirement seems to have applied to the lots. See, In re Appeal of Weeks, 167 Vt. 551 (1998). In any event, merger of the two lots would not have rendered them conforming as to the frontage requirements of either lot. In May of 1985, Appellants conveyed Lot 5, improved with the single-family dwelling, to an unrelated party who has not entered an appearance in the present appeal.

In 1999, Appellants applied for a building permit to construct a dwelling on Lot 7. Nothing has been provided to the court regarding that application or any ruling on it; it is not the subject of the present appeal. Presumably it was the denial of that permit application that caused them to apply to the ZBA for a variance from the 200-foot road frontage requirement of §29. (The application for variance was not supplied in connection with the motions for summary judgment).

In order to qualify for a variance, an applicant must meet all five requirements of 24 V.S.A. §4468(a) as incorporated into the particular municipal ordinance. Only the third requirement, that the unnecessary hardship has not been created by the appellant, is at issue in the present motion. To meet that requirement, the hardship must result from circumstances beyond the control of the property owner. In re Application of Fecteau, 149 Vt. 319 (1988).

When Appellants purchased Lot 7, they already owned Lot 5 and were familiar with the configuration of the surrounding lots in the Lussier subdivision and in particular with the amount of frontage enjoyed by Lot 7, as the Lot 5 right-of-way occupies the whole of the Lot 7 frontage. They were at least on record notice that Lot 7 could not be built upon without obtaining a state water supply and wastewater disposal permit, and were at least on record notice of the frontage requirements of the Fairfield Zoning Ordinance.

Even without their former ownership of Lot 5, by purchasing Lot 7 with actual or constructive knowledge of the frontage restrictions applicable to it, Appellants are considered to have created for themselves whatever hardship those restrictions entail. The Vermont Supreme Court has consistently maintained this principle in appropriate cases. DeWitt v. Brattleboro Zoning Board of Adjustment, 128 Vt. 313, 321 (1970); L.M. Pike &

Son v. Town of Waterford, 130 Vt. 432 (1972); Lewis v. Pickering, 134 Vt. 22, 26-27 (1975); In re Ray Reilly Tire Mart, Inc., 141 Vt. 330 (1982); LeBlanc v. City of Barre, 144 Vt. 269 (1984); In re McDonald's Corp., 151 Vt. 346, 349 (1989); Blow v. Town of Berlin Zoning Adm'r., 151 Vt. 333 (1989).

Accordingly, based on the foregoing, the Town's Motion for Summary Judgment is GRANTED. Appellants do not qualify for a variance, as they are said to have created the hardship from which they now seek relief, by purchasing Lot 7 with actual knowledge of its size and amount of frontage, and actual or constructive knowledge of the requirements of the Zoning Ordinance at the time of their purchase of it. This decision does not address whether they meet any of the other four requirements for a variance, or whether they may qualify for any other exception which would allow them to build a dwelling on Lot 7.

Done at Barre, Vermont, this 13th day of September, 2000.

_____
Merideth Wright
Environmental Judge