STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
 Gary Audet, d/b/a }
  Audet Management Associates }        Docket No. 89-4-00 Vtec
 }
 }

Decision and Order

Appellant Gary Audet, doing business as Audet Management Associates, appealed from a decision of the Zoning Board of Adjustment (ZBA) of the City of Rutland regarding the property at 40 E. Center Street. Appellant appeared and represents himself; a neighboring landowner, Andrew J. Perry, appeared as an interested person and represents himself; the City is represented by Christopher Sullivan, Esq. but took no position on the merits of this matter.

Appellant purchased the 50' x 105' lot at 40 Center Street, with an existing 2-family house, in 1999. It consisted of two full stories and a mansard-roofed attic, and had been occupied with one unit on the first floor and the second unit upstairs. He performed extensive renovations on the building, putting in a new electrical system, new plumbing, new drywall, new windows and doors, and installing dormers in the attic and a third exit for the attic or third floor. He has substantially improved the building's quality and appearance.

Appellant wishes to convert the two-unit building to a three-unit building, without expanding the interior space in the structure, by creating an efficiency unit in the third floor. The conversion would not increase the size of the building or the number of bedrooms; rather, Appellant proposes to decrease the number of bedrooms from 5 to 4. Appellant is willing to install off-street parking on the property if required to do so.

The building is located in a neighborhood of older residences, across the street from an older brick school, in a Residential B zoning district. The residences in the area are occupied primarily as single and two-family residences, although three buildings in the area

1

are three-family and one is a four-family building. Three lots in the area, including Appellant's, are 50' x 105' in size, the remainder are larger. Most of the houses on the street were built prior to the adoption of zoning in 1948 and are noncomplying as to the front setback. The conversion of Appellant's building from two residential units to three residential units would not alter the essential character of the neighborhood, as it is a mixed neighborhood including several three-unit buildings in older residential homes. Because the proposed increase in the number of units would not increase the number of bedrooms or the number of residents or the number of automobiles owned by the tenants, the conversion also would not substantially impair the appropriate use or development of any adjacent property.

Section 5708 of the Zoning Ordinance does not set a minimum lot size in the Residence B zoning district for one- or two-family houses. However, for more than two units, §5708(6) requires a minimum lot size of 6,500 square feet for the first two residential units, an additional 2,000 square feet for the next four[1] units, and an additional 1,000 square feet for each additional unit. Section 5708(7) allows a building that predates the ordinance to be converted for up to four-family use, upon certain findings by the ZBA and if the lot is at least 6,000 square feet in area, with an additional 2,000 square feet for each of the third and the fourth units. The size of Appellant's lot is 5,250 square feet, so that it fails to qualify for more than two-family use under these sections of the Zoning Ordinance, unless it qualifies for a variance. In the present proceeding, Appellant has applied for a variance.

In order to qualify for a variance, Appellant's property must meet all five requirements of 24 V.S.A. §4468(a) as incorporated into §5719(1) of the Rutland Zoning Ordinance. If it fails any one of the provisions, it does not qualify for a variance, regardless of whether any of the neighbors object to or support the proposed variance.

---

[1] When read together with the following section, §5708(7), this may mean "each of the next 4 families;" however, that interpretation is unnecessary to the present appeal.

Appellant's property does not meet the requirements of any of the first three of the variance requirements: §5719(1)(a) or §5719(1)(b) or §5719(1)(c), and therefore does not qualify for a variance. First, while the property is narrow and small, two other lots in the immediate area are the same size and shape. The lot size is not unique to this property, and the limitation to a two-family house for this lot is simply due to the requirements of the zoning regulations, not due to the unique physical characteristics of the property, as required by §5719(1)(b). Second, the property is already developed with a two-unit residential building, therefore a variance is not necessary to enable the reasonable use of the property as required by §5719(1)(b).

To meet the third requirement, that the unnecessary hardship has not been created by the appellant, the hardship must result from circumstances beyond the control of the property owner. In re Application of Fecteau, 149 Vt. 319 (1988). Appellant purchased this property while the current requirements of the Zoning Ordinance were in effect, and he testified at trial that he was aware of the limitations of the Zoning Ordinance at the time that he purchased. Even without this actual knowledge, Appellant was at least on record notice that the lot was smaller than the size required for a three-unit building, and he was at least on record notice of the requirements of the Zoning Ordinance for obtaining a variance.

By purchasing this improved property with actual or constructive knowledge of the zoning restrictions applicable to it, Appellant is considered to have created for himself whatever hardship those restrictions entail. The Vermont Supreme Court has consistently maintained this principle in appropriate cases. DeWitt v. Brattleboro Zoning Board of Adjustment, 128 Vt. 313, 321 (1970); L.M. Pike & Son v. Town of Waterford, 130 Vt. 432 (1972); Lewis v. Pickering, 134 Vt. 22, 26-27 (1975); In re Ray Reilly Tire Mart, Inc., 141 Vt. 330 (1982); LeBlanc v. City of Barre, 144 Vt. 269 (1984); In re McDonald's Corp., 151 Vt. 346, 349 (1989); Blow v. Town of Berlin Zoning Adm'r., 151 Vt. 333 (1989).

Even though we have found that the variance would not alter the essential character of the neighborhood, and would not substantially impair the appropriate use or development of any adjacent property, because the property does not meet any of the first or the second or the third requirements for a variance, a variance cannot be granted. Accordingly, it is hereby ORDERED and ADJUDGED that Appellant's application for a

3

variance is DENIED.

Done at Barre, Vermont, this 28th day of September, 2000.

_____
Merideth Wright
Environmental Judge

4