STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Paul L. and          }
Catherine Handy                       }
                                      }   Docket No. 96-6-01 Vtec
                                      }
                                      }

**Decision and Order on Pending Motions**

Appellants Paul L. and Catherine Handy appealed a decision of the Zoning Board of Adjustment (ZBA) of the Town of Shelburne, applying the amended zoning ordinance rather than the 1995 zoning ordinance to their application, upon remand of the application to the ZBA after decision by the Vermont Supreme Court in In re Handy and In re Jolley Associates, 171 Vt. 336 (2000). Appellant-Applicants are represented by Douglas K. Riley, Esq.; the Town of Shelburne is represented by Joseph S. McLean, Esq.

By agreement of the parties, the merits of this matter were bifurcated, so that the Court first would consider and rule on whether the application was A validly brought and pursued in good faith,@ as required by the Vermont Supreme Court in its decision, and then if necessary would schedule a further evidentiary hearing on the merits of the application. The court ruled that the application was filed in good faith sufficient to allow the matter to proceed to the hearing on the merits of the application, now scheduled for March 26, 2002. The Town has moved for new trial or to amend or for relief from judgment on the > good faith= issue, in part on the basis that Appellee-Applicant= s purported withdrawal of a portion of the application should be considered as evidence that the application was not made in good faith in 1997.

On March 6, 2002, Appellants sought to dismiss A all portions of the Application that seek commercial use of the house on the subject property, that request approval of the property as a Planned Unit Development (PUD), and that seek variances from any of the portions of the Shelburne Zoning Regulations dealing with Planned Unit Development.@ Appellants stated: A [i]n connection herewith, Applicants withdraw their proposal to use the house on the property for any purpose that is not a valid, pre-existing, non-conforming use or other permitted use. The Applicants continue to seek variances from the yard requirements for the Residential-Commercial District under Shelburne Zoning Regulations, Section 830.2.@ The Town opposes the requested dismissal.

Withdrawal of a portion of the 1997 application

An applicant may choose not to pursue an application or a portion of an application. The decisionmaking body, whether it is the ZBA or this Court, cannot force an applicant to proceed with a project that the applicant wishes to abandon or withdraw. However, in withdrawing an application or a portion of an application, an applicant must accept all the consequences of that withdrawal.

In the present case, Appellant-Applicants= request is GRANTED, as proposed WITH PREJUDICE, to withdraw or dismiss the portions of the application that sought commercial use of the house on the subject property, that requested approval of the property as a Planned Unit Development (PUD), and that sought variances[1] from the requirements of the Zoning Regulations necessary to allow consideration of the project as a PUD.

The consequence of this dismissal is that Appellants own a three-acre corner parcel of property with two primary uses in two separate buildings: a pre-existing residence and a retail store. The retail store is located within the setback required for a commercial or retail use both from Shelburne Road[2] and from Martindale Road[3]. The proposed gasoline pumps and canopy are also planned to be located within that setback, within the footprint formerly occupied by the front of the building. It is possible that the proposed canopy is proposed to be taller than the existing building (and therefore might occupy a greater volume of the setback[4]), but elevations have not yet been presented in evidence to show either the height of the existing building or the height or design of the proposed canopy.

Accordingly, Appellants= property is a nonconforming use for having two principal structures on a single lot. ' 1690.3. The retail structure proposed to be modified is a noncomplying structure, as it intrudes into the setback both on Shelburne Road and on Martindale Road. The proposed changes to the structure therefore require conditional use approval under ' 1602.2.

Because Appellants= existing retail use (' 820.9) occupies a structure that is noncomplying as to setbacks, and therefore > does not comply with all zoning regulations= (24 V.S.A. ' 4408(a)(1) and Shelburne Zoning Bylaws ' 1620.1) it also is considered to be a nonconforming use. In re Miserocchi, 170 Vt. 320, 323-24 (2000) (A Indeed, all noncomplying structures will also be nonconforming uses under the statute;@ citing: see In re Stowe Club Highlands, 164 Vt. 272, 279 n.5 (1995); see also In re Letourneau, 168 Vt. 539, 546 (1998)).

In Miserocchi, no changes were proposed to the nonconforming building located within the setback, and the Clarendon ordinance did not distinguish between changes to nonconforming uses and noncomplying structures; under those circumstances the Court read the ordinance narrowly to require a so-called change-of-use permit only if the setback was being changed. In the present case, Appellants propose to tear down a portion of the building and to install an entirely different category of use within the setback, under an ordinance which does distinguish between changes to nonconforming uses and noncomplying structures, and which sets out specific standards for such changes. It appears that Appellants= application to add two additional conditional uses (gasoline station use, ' 820.16 and multiple uses, ' 820.21) within the setback, even though they will be built within the former footprint of the existing noncomplying structure, constitutes a change from one nonconforming use to another within the setback. A contrary interpretation would allow any new conditional use to be placed within an existing nonconforming setback, even if it were to result in a 35-foot-tall hotel, warehouse, theater or windmill being placed as close to Route 7 as an existing one-story bungalow. If Appellants= application also requires conditional use approval under ' 1620.1.1, it requires that the ZBA, and hence this Court, must find that the proposed use is no more nonconforming than was the previous use.

Thus, the remaining applications to be heard in the scheduled merits hearing are for conditional use approval to add the gasoline station and modify the existing retail store, treated as the addition of two new conditional uses and a modification of a noncomplying structure, as required by ' ' 820.16, 820.21, 820.9, and 1620.2; the application for a setback variance[5] to install the gasoline islands, pumps and canopy within the setback areas (' 830.2); and possibly also a change to a nonconforming use under ' 1620.1.1.

The applications for conditional use approval[6] and for variance approval were made to the ZBA and hence are before this Court, as contrasted with the application in In re Torres, 154 Vt. 233 (1990), which should have been remanded to the ZBA for consideration as a conditional use instead of the home occupation permit under which it had first been considered.

Town= s Motion to Amend, for Relief from Judgment or for a New Trial

The fact that Appellants have now abandoned a portion of their application does not change the Court= s finding that in 1997 their application was made in good faith. The determination of good faith has to do with the applicant= s state of mind and intentions at the time of making the application. In the present case, the most important evidence of the state of mind of Appellant in late 1996 and early 1997 were 1) the time frame in which Appellant first formulated plans to add gasoline service to the retail store at this location; 2) the time when Appellant or his consultant first learned of the proposal to change the regulations to eliminate gasoline service in this zoning district; and 3) what was Appellant= s and the town officials= understanding of the time limits for filing an application that would be considered under the old regulations.

Appellant submitted an application in early 1996 through a consultant to include the addition of gasoline service at this site, the application was denied, and in the fall of 1996 Appellant= s consultant recommended to him that the application should be scaled down in size to be resubmitted for approval. Appellant directed his consultant to prepare the scaled-down application, still including the gasoline service, at approximately the same time in early December 1996 that the Town first warned the Planning Commission meeting to consider the new zoning regulations. As late as the Selectboard meeting in which the new regulations were being considered for adoption, Town officials were advising this applicant= s representative and other applicants that their applications would have to be considered for approval by the Selectboard rather than the ZBA if the new regulations were adopted. Applicants were not told that their failure to submit the applications before the selectboard adopted the new zoning regulations would result in an automatic denial of such applications. Based on this sequence of events, well before anyone questioned the validity of 24 V.S.A. ' 4443(c), the state of mind of Appellant and his consultant was that they could legitimately submit a revised application under the old regulations, as long as it was submitted before the Selectboard met to consider the new regulations. Accordingly, the Town= s motion for new trial, to amend, or for relief from judgment on the > good faith= issue is DENIED.

The hearing on the merits remains scheduled for March 26, 2002. Due to the short time remaining before the hearing, if either party wishes to file any further pretrial motions, including any request for remand as discussed in footnote 5 above, please advise the Court and the other party **immediately** so that we can address it before next week= s trial date. Otherwise, the hearing remains as scheduled. We will begin with the evidence related to the variance application; please come prepared to make legal arguments regarding the variance criteria on the record at the hearing so that the Court can rule on the record, prior to proceeding with the remainder of the evidence.

Dated at Barre, Vermont, this 18th day of March, 2002.


_____
Merideth Wright
Environmental Judge

---

### Footnotes

[1]   The Court need not now determine whether the project could have met criteria 1, 2, or 3 of the variance criteria. 24 V.S.A. §4468(a).

[2]   Calculated in Appellants' 1997 setback variance request as 149 feet. §830.2

[3] Stated in Appellants' 1997 setback variance request as 60 feet. §830.2

[4] See, e.g., In re Appeal of Tucker, Docket No. 123-7-98 Vtec (Vt. Envtl. Ct., August 2, 1999) (aff'd. without published opinion, 170 Vt. 663 (2000)).

[5] Appellants should be prepared to show how the application meets the variance criteria, and in particular criteria 1, 2 and 3. With regard to criterion 3, the parties should address the question of whether Appellants purchased the property with "knowledge, actual or constructive, of zoning ordinances which are in effect at the time of purchase" and, if so, whether such purchase should be treated as Appellants "having created for [themselves] whatever hardship such restrictions entail." See DeWitt v. Brattleboro Zoning Board of Adjustment, 128 Vt. 313, 321 (1970), quoted in L.M. Pike & Son v. Town of Waterford, 130 Vt. 432, 436 (1972). As the new owner succeeds to the position of the prior owner, Lewis v. Pickering, 134 Vt. 22, 26-27 (1975), the parties should be prepared to address whether the proposed addition of the gasoline service and canopy constitutes the sort of "affirmative act by the applicant which created the hardship peculiar to the property involved" required by In re Ray Reilly Tire Mart, Inc., 141 Vt. 330, 333 (1982).

[6] The parties do not appear to have addressed §1620.1.1 below; however, they may not be seeking a remand on that basis, as unnecessary remands are not favored and the ZBA's decision was based only on the 'good faith' issue and the inapplicability of the older regulations. However, if either party now seeks a remand, please advise the other party and the Court immediately as the merits hearing is scheduled for next week.