STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Hartwell and Egri Variance Appeal　　}　　Docket No. 114-6-05 Vtec
}
}

Decision and Order

Applicants Linda Ann Hartwell and Michael Egri appealed from a decision of the Development Review Board (DRB) of the City of Burlington denying their application for a variance. Applicants are represented by Gregg H. Wilson, Esq.; the City is represented by Kimberlee J. Sturtevant, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit alone, by agreement of the parties. The parties were given the opportunity to submit written memoranda and requests for findings. Upon consideration of the evidence as illustrated by the site visit, and of the written memoranda and requests for findings filed by the parties, the Court finds and concludes as follows.

Appellant Linda A. Hartwell owns property with a single-family house at 170 Ferguson Avenue in a Residential low-density (RL) zoning district. The parcel is fifty feet in width and 155 feet in depth. The required side setback is 10% or five feet with regard to this property. The Hartwell property is one of many similar-sized small, flat lots created as part of a subdivision in 1891. Prior to Ms. Hartwell's acquisition of the property in 1979, the garage attached to the single-family house on the property was converted to additional living space. The zoning regulations require two on-site parking spaces for a new single-family residence, §10.1.8, but see §§10.1.4, 10.1.5, and 10.1.7.

Without consideration of the application at issue in the present appeal, the property complies with the ordinance as to the side setback and the provision of two parking spaces

1

on site, although the parking of two passenger vehicles in tandem in the driveway is inconvenient with respect to the current configuration of the front steps and the front door.

A 1984 permit approving an addition on the rear of the house showed that the property had two on-site parking spaces. A 1996 application to establish a proposed home occupation environmental engineering office with four employees (three non-resident employees) showed that the property had two on-site parking spaces; a condition of that approval required that the non-resident employees be scheduled so that they would park on-site rather than on the street and so that no more than two vehicles would be parked in the driveway at any time. After that environmental engineering office was no longer in operation at that location, a 1996 application to establish a bed and breakfast as a home occupation was approved with one off-site leased parking space at 177 Ferguson Avenue, as well as the two tandem driveway spaces already existing on the property. A concrete pad on the side of the house, not associated with the driveway application at issue in the present case, also extends into the minimum five-foot side setback.

A 2004 zoning permit allowed the expansion of the driveway width to exactly five feet from the side property line. With that expansion, the driveway width is 11' 4" wide, except immediately adjacent to the front steps, which protrude into the driveway slightly so that the width is 11' at that location. The driveway is 37' 11" long, allowing two passenger vehicles to be parked in tandem.

Mr. Egri operates a computer repair and consultation business doing business as Macintosh Rescue and Computer Rescue Squad from an office on Pine Street; that office has one parking space. The business operates two minivan vehicles that are each about six feet wide without considering their side mirrors, and about seven feet wide considering their side mirrors. The two minivans cannot be parked in tandem in the driveway without extending onto the sidewalk except by parking them closer together and closer to the front steps than Applicants prefer. Ms. Hartwell and Mr. Egri also own a passenger vehicle: a

2

Nissan Sentra.

In the present application, Applicants seek approval of a variance from the side setback requirements, for an additional 2'11" of driveway width, occupying nearly two-thirds of the required five-foot-wide side setback, so as to allow the two minivan vehicles to be parked side-by-side rather than in tandem, and to allow more convenient access to the front step configuration.

In order to qualify for a variance, Applicants must meet all six requirements of §17.1.6 of the Zoning Ordinance, the first five of which are also requirements of the state zoning statute (24 V.S.A. §4469):

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located;
> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is, therefore, necessary to enable the reasonable use of the property;
> (3) That the appellant [has not created the hardship[1] and] the unnecessary hardship relates to the applicant's land, rather than personal circumstances;
> (4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare;
> (5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan; and that

---

[1] The text of this subsection shown in brackets appears to have been scrambled during printing of the ordinance; the word order shown in brackets is the Court's.

(6) The variance, if granted, will not result in either the extension of a non-complying situation or the initiation of a nonconforming use of land.

With respect to subsection 1, the property exhibits no unique physical circumstances or conditions peculiar to the property. The fifty-foot width is typical of lots in this neighborhood.

With respect to subsection 2, without the variance the property was in reasonable use as a complying single-family residence, and is in reasonable use as a bed-and-breakfast home occupation as well, in conformity with the side setback of the zoning regulations for which the variance is requested.

With respect to subsection 5, the requested variance is not the minimum necessary to afford relief, as the vehicles can be parked in tandem without encroaching on the required side setback. It is also possible, as suggested at trial, that the front door and front steps could be redesigned to reduce the conflict between the front entrance and the area available for parking, either by entering through the front of the house (to the left of the driveway) or by entering through the side of the house (to the right of the driveway).

With respect to subsection 6, the requested variance would initiate a nonconforming use of the strip of driveway that is now part of the required side setback, and would also extend the noncompliance, that is, the occupation of the side setback by pavement, now represented by the concrete slab that extends into the side setback.

With respect to subsection 3, Applicants may be said to have created the hardship complained of by requiring to park two relatively large vehicles in the driveway, by their preference to leave an eighteen-inch gap between the vehicles, and by choosing not to reconfigure the front door location to reduce the conflict between the front steps and the area of the driveway available for parking. Personal inconvenience cannot be the basis for a variance. Sorg v. North Hero Zoning Bd. of Adjustment, 135 Vt. 423, 426 (1977).

4

As Applicants' parcel fails to meet at least subsections 1, 2, 5 and 6, and possibly also subsection 3, it therefore fails to qualify for a variance from the side setback requirements of the Zoning Ordinance. In re Appeal of Mutchler, et al., 2006 VT 43, ¶¶9–10 (mem.); and see In re Appeal of T & M Construction and Devel. Corp., No. 2005-393 (Vt. Supreme Ct., Sept. 28, 2006) (unpublished mem.) (three-justice panel).

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicants' application for a variance to extend the driveway width into the side setback is DENIED, concluding this appeal.

Dated at Berlin, Vermont, this 2nd day of October, 2006.

_____
Merideth Wright
Environmental Judge