## Helen Gadhue v. Norman Marcotte and Shelburne Zoning Board

[446 A.2d 375]

No. 36-81

Present: Barney, C.J., Billings, Hill and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 23, 1982

Thomas E. McCormick of McNamara & Fitzpatrick, Inc., Burlington, for Plaintiff.

Cleveland, Unsworth & Bennett, Shelburne, for Defendant.

**Billings, J.** The defendant-appellee Marcotte petitioned the Shelburne Zoning Board for a conditional use permit, 24 V.S.A. § 4407, to erect a 30' × 70' building located on the west side of U.S. Route 7 in the center of the Shelburne Village district. The building was to be used as a workshop, storage area, and garage in conjunction with the defendant's retail sales and service business which features major appliances, farm equipment, and lawn and garden equipment. In addition he requested a variance, 24 V.S.A. § 4468, because the lot was not 150 feet wide as required by the zoning regulations. The Shelburne Zoning Board of Adjustment granted the variance and issued a conditional use permit for the building subject to several conditions which the defendant agreed to. The plaintiff-appellant Gadhue, an interested person, 24 V.S.A. § 4464(b) (3), who resides on the east side of U.S. Route 7 in Shelburne opposite the defendant's property, appealed to the Chittenden Superior Court. 24 V.S.A. § 4471.

After a de novo hearing, the court held that the building was a permissible conditional use and granted a dimensional variance subject to conditions. Plaintiff then appealed to this Court. While the various appeals have been pending and despite the lack of finality of the decisions, the defendant has, nevertheless, completed construction of the building. The two issues raised on appeal are whether (1) the dimensional variance and (2) the conditional use permit were properly granted.

24 V.S.A. § 4468(a) sets forth the five criteria for granting a variance. The statute provides that if just one of the criteria is not satisfied the variance cannot be granted. 24 V.S.A. § 4468(a). Because we hold that the second criterion was clearly not met, we do not discuss the other four.

24 V.S.A. § 4468(a)(2) provides the following:

> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

The trial court made only one finding in regard to this criterion. It found that "[t]his lot could not be further developed along the same lines without a variance." It then concluded that 24 V.S.A. § 4468(a)(2) had been satisfied and a variance was necessary. This was error for two reasons.

First, the statute does not limit the inquiry to whether the property can be developed in conformance to its previous use without a variance. It explicitly states that variances will be granted only if "there is *no possibility* that the property can be developed in *strict conformity* with the provisions of the zoning regulation." 24 V.S.A. § 4468(a)(2) (emphasis added). See *Sorg* v. *North Hero Zoning Board of Adjustment*, 135 Vt. 423, 426–27, 378 A.2d 98, 101 (1977). Accordingly, if any reasonable use can be made of the property which is in strict conformity with the zoning regulations, 24 V.S.A. § 4468(a)(2) will not be satisfied.

Second, the evidence does not support a finding that the lot could not be further developed without a variance.

There was uncontroverted expert testimony that a residence could be built on the property in conformity with the zoning regulations. In addition, the property was already developed and being used as both a residence and a retail business. Therefore, the defendant was not deprived of a reasonable use of his property as required by 24 V.S.A. § 4468(a) (2) and the variance should not have been granted. *Sorg, supra.*

Defendant's claim that there is a less strict criterion for area or dimensional variances than for use variances has no merit. Although this is the practice in some states, 24 V.S.A. § 4468 makes no such distinction. All variances, of whatever type, must meet the five criteria enunciated in the statute. In the single Vermont case cited by defendant in support of this position, *Lewis* v. *Pickering*, 134 Vt. 22, 26, 349 A.2d 715, 717 (1975), this Court merely acknowledged the tendency of other states to apply different standards but did not expressly apply the distinction in the decision or adopt it as the law of Vermont.

As to the second issue, the plaintiff argues that the conditional use permit should not have been granted because this building is to be used as a warehouse which is not a permitted conditional use. We do not agree. The trial court found that the conditional use permit was requested to construct a building "to be used for storage, garage and workshop space for existing business of sales and service of appliances and farm equipment." The trial court found that the proposed building was designed to handle the existing business and make it more efficient and was not being used to handle expansion. The court also concluded that it was a lawful nonconforming structure the primary purpose of which was to place those items of merchandise under cover which are currently stored on the porch of the house, and in the front, side and rear yards. Although the trial court's findings might be regarded as somewhat ambiguous, they do not support the conclusion that the building was to be strictly a warehouse. Its purpose was to provide space to conduct a retail business. Absent clear error, the findings will not be overturned merely because they are controversial. *Stevens* v. *Essex Junction Zoning Board of Adjustment*, 139 Vt. 297, 303, 428 A.2d 1100, 1103 (1981) ; V.R.C.P. 52.

*Reversed. Judgment of the Chittenden Superior Court granting appellee's application for variance is vacated.*