**In re Zoning Variance Application of Ray Reilly Tire Mart, Inc. (William and Pauline Richardson, George and Gertrude Jagolinzer, Appellants)**

[449 A.2d 910]

No. 342-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 8, 1982

*Robinson E. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellee.

*A. Jay Kenlan,* Rutland, for Defendants-Appellants.

**Peck, J.** This appeal challenges the Rutland Superior Court's determination that the appellee, Ray Reilly Tire Mart, Inc., satisfied the five criteria set forth in 24 V.S.A. § 4468(a) for obtaining a variance.

The appellee has owned a piece of commercial property lying on the north side of Woodstock Avenue in the City of Rutland, Vermont, since 1957. On this property the appellee conducts wholesale and retail sales and service permitted by city zoning regulations. In 1978 the appellee purchased from the City of Rutland a small triangular piece of property lying north of and contiguous to the north boundary of its original property.

Shortly thereafter, the appellee applied to the Rutland City Zoning Administrator for a building and zoning permit to

construct a storage warehouse. This application was properly denied because the plans called for approximately 50–60% of the warehouse to be constructed on the triangular piece of property which was and is zoned Residence A. Commercial structures of the type envisioned by the appellee are prohibited in the Residence A district. The appellee then requested and received a variance from the Rutland Board of Zoning Adjustment. 24 V.S.A. § 4464(a). An appeal was taken to the Rutland Superior Court by the appellants, interested persons under 24 V.S.A. § 4464(b)(3), residing in the Residence A district adjacent to appellee's property. The superior court entered judgment on July 23, 1981, essentially adopting the decision of the Board of Zoning Adjustment with modifications as to effective dates. The appellants now ask this Court to reverse the decision of the superior court granting the appellee a variance.

At the outset we note that the parties, although reaching different conclusions, both place great reliance on the asserted distinction between "use" and "area" variances. Whatever the merits of this distinction might be, under our statute this reliance is misplaced. "All variances, of whatever type, must meet the five criteria enunciated in the statute [24 V.S.A. § 4468(a)]." *Gadhue* v. *Marcotte*, 141 Vt. 238, 241, 446 A.2d 375, 377 (1982). Moreover, whether the variance sought be use *or* area, no distinction is permitted in the application of the statutory standards. *Id.* If just one criterion is not satisfied the variance must be denied. 24 V.S.A. § 4468(a).

We turn now to the third criterion as its resolution is dispositive of this appeal. The superior court cannot grant a variance, even assuming a hardship exists, if that hardship has been created by the applicant. 24 V.S.A. § 4468(a)(3). In the instant case, the superior court concluded:

> Any hardship to appellee [Ray Reilly Tire Mart, Inc.] is the result of zoning districts being established along existing property lines, apparently with little consideration of the uses of adjacent lands.

The appellants attack this conclusion, asserting that the appellee created its own hardship by purchasing the property in question with actual knowledge that it was zoned Residence A.

In his treatise on zoning Anderson states that: "Hardship is self-created where the applicant purchased [the land] with knowledge of the zoning restrictions from which he seeks administrative relief." 3 R. Anderson, American Law of Zoning § 18.43, at 258 (2d ed. 1977). Such a broad rule, although on its face attractive because of the ease with which it may be applied, has been rejected by this Court. In *Lewis* v. *Pickering*, 134 Vt. 22, 26–27, 349 A.2d 715, 717–18 (1975), we held that the mere fact the applicants for the variance took title to the identical lot of their vendors after the passage of the zoning ordinances was not per se a self-created hardship. We recognized that there must be an afirmative act by the applicant which created the hardship peculiar to the property involved.[1]

The issue thus raised is whether the appellee took any affirmative action to create the condition for which the variance is sought. We conclude that this question must be answered in the affirmative.

■■ In determining the propriety of granting a variance the focus must be on the land for which the variance is sought. Where the applicant is a successor in title to the identical lot, as was the case in *Lewis*, the analysis as to whether the hardship is self-created is straightforward.

> [W]here an original owner would be entitled to a variance under a specific set of facts, any successor in title is

---

[1] That the conclusion we reached in *Lewis* was in no way revolutionary can be seen from the following passage from 3 A. Rathkopf, Law of Zoning and Planning § 39.02, at 39-17 (4th ed. 1979):

Despite the fact that some courts have used language which, taken upon its face, would indicate that even where a unique hardship existed with respect to land which would have warranted the person owning that property prior to the enactment of the ordinance to apply for and receive a variance, the mere act of purchase with knowledge of the ordinance may alone bar the purchaser from the same relief, it is apparent that few higher court decisions have actually so decided. In each case in which the refusal of a variance was upheld and in which such language was used, the facts showed either that there was an affirmative act which created the hardship peculiar to the property involved or that there was insufficient evidence as to at least one of the elements required for the grant of a variance.

ordinarily also entitled to such a variance, providing that no owner in the chain of title since the adoption of the zoning restriction has done anything to create the condition for which relief by variance is sought.

*Lewis* v. *Pickering, supra,* 134 Vt. at 27, 349 A.2d at 718 (quoting *Griffin Construction Co.* v. *Board of Adjustment of Teaneck,* 85 N.J. Super. 472, 475, 205 A.2d 313, 316 (1964)). We have not, however, had occasion to address this criterion in a case, such as this, where the applicant is a successor in title only to part of a larger property subject to zoning restrictions. If the original property would not be appropriate for a variance then the applicant should not be entitled to create a hardship and obtain a variance merely by purchasing a part, instead of the whole, of the original property.

In the instant case, the appellee purchased only a small triangular piece of land from the city which was but a part of much larger city holdings zoned Residence A. Unquestionably the original property as a whole could have been "developed in strict conformity with the provisions of the [Residence A] zoning regulation." 24 V.S.A. § 4468(a)(2). Therefore, even assuming arguendo that no reasonable use can be made of the triangular shaped property in strict conformity with the Residence A ordinance,[2] such hardship arises solely because the appellee carved a slice from a much larger property. The acquisition itself gave birth to the claimed hardship. To hold otherwise would encourage evasion of local zoning regulations through the selective purchasing of subparcels of property that by their physical nature and size would be appropriate subjects for a variance.

It is not enough for zoning boards of adjustment and superior courts to believe a particular variance worthwhile.

---

[2] The only findings made by the superior court on the second criterion, 24 V.S.A. § 4468(a)(2), are as follows: "The subject parcel, which is wet, swampy and irregular in shape, is adjacent to a commercial area" and "the residential development [of the subject parcel] would be very expensive." These conclusory statements are totally inadequate. See *Gadhue* v. *Marcotte, supra,* 141 Vt. at 241, 446 A.2d at 377. A remand is not, however, necessary in light of our holding that any hardship suffered by the appellee is of its own creation.

"For relief by way of a variance the statute governing its granting must prevail, rather than a judicial finding indicating, at best, general desirability." *Sorg* v. *North Hero Zoning Board of Adjustment,* 135 Vt. 423, 427–28, 378 A.2d 98, 102 (1977). Because the conditions precedent to the granting of a variance—the statutory criteria—have not been met in this case, the judgment below must be reversed.

*Reversed. Judgment of the Rutland Superior Court granting the appellee's application for a variance is vacated.*