## In re Cumberland Farms, Inc.

[557 A.2d 486]

No. 87-254

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed January 27, 1989

*William J. Donahue*, White River Junction, for Appellant.

*Welch, Graham & Manby*, White River Junction, for Appellee.

**Dooley, J.** Cumberland Farms, Inc. appeals from a superior court order of May 25, 1987, upholding the Hartland Zoning Board of Adjustment's denial of appellant's application for a variance. We affirm.

Appellant purchased a convenience store and gas station in 1986. Appellant completely renovated the facility, but failed to secure any local zoning permits. Part of the renovation involved the replacement of the small cover over the gas pumps with a much larger canopy. Upon receiving a complaint, the zoning administrator for the Town of Hartford investigated the renovation and determined that appellant needed a building permit and site plan approval. Once notified of these requirements, appellant applied for them after the fact. Both applications were denied because the zoning administrator found that the canopy projected eleven feet into the front yard setback required by the zoning ordinance.

Apparently, appellant did not appeal from the zoning administrator's decision.[1] See 24 V.S.A. § 4464. Instead, appellant applied for a variance from the provisions of the zoning ordinance. After hearing, the Zoning Board of Adjustment denied the application and an appeal to the superior court was unsuccessful. It is the superior court's affirmance of the denial which is before us.

In order to receive a zoning variance in Vermont, the applicant must meet each of the "five criteria" of 24 V.S.A. § 4468(a). *In re Ray Reilly Tire Mart, Inc.,* 141 Vt. 330, 332, 449 A.2d 910, 911 (1982); see Note, *Zoning Variance Adminstration in Vermont,* 8 Vt. L. Rev. 371 (1983). The lower court found that appellant failed to meet three of the criteria as set forth in 24 V.S.A. § 4468(a)(2), (3) & (4). Appellant argues that the court incorrectly applied the variance criteria because it was offended by the aesthetics of the renovation.

The five criteria specified in the statute are:

(1) That there are unique physical circumstances or conditions . . . and that unnecessary hardship is due to such con-

---

[1] Although appellant states in its brief that it appealed the administrator's decision, no appeal appears in the record. The zoning board of adjustment characterized the issue before it as whether to grant appellant a variance. In its appeal to superior court, appellant stated the appeal was from a denial of a variance. Thus, we can not substantiate the contention in the brief and would find in any event that appellant abandoned the appeal.

ditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation . . .;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation . . . ;

(3) That the unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood . . . in which the property is located . . .; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan.

An essential component of the criteria is unnecessary hardship. *L.M. Pike & Son, Inc.* v. *Town of Waterford,* 130 Vt. 432, 436, 296 A.2d 262, 265 (1972). A variance need not be granted if the landowner created his or her own hardship. *Reilly Tire Mart,* 141 Vt. at 332, 449 A.2d at 911.

The trial court found that appellant (1) failed to meet the second criterion because the canopy was not necessary to the operation of the gas station; (2) failed to meet the third criterion because appellant created its own hardship by building without a permit; and (3) failed to meet the fourth criterion because the large canopy would alter the character of the surrounding residential area. The trial court's findings are supported by the evidence and therefore must stand. V.R.C.P. 52(a). The court's conclusions are supported by the findings and are consistent with our decisions interpreting the variance criteria. See *In re Maurice Memorials,* 142 Vt. 532, 536-37, 458 A.2d 1093, 1096 (1983) (variances are not intended to "afford relief from inconvenience or to prevent against the potential of lost profits"); *Gadhue* v. *Marcotte,* 141 Vt. 238, 240, 446 A.2d 375, 376 (1982) (variance should be denied "if any reasonable use can be made of the property which is in strict conformity with the zoning regulation"); *L.M. Pike & Son, Inc.* v. *Town of Waterford,* 130 Vt. at 436, 296

A.2d at 265 (variance denied where hardship created by "very acts of the appellant").

Appellant also argues that the canopy is allowed by the Town of Hartford zoning ordinance so that a variance is unnecessary. We question whether this issue is properly before us. Appellant failed to appeal the decision of the zoning administrator that the canopy violated the ordinance. As a result, appellant waived its right to review of that determination. *Montgomery v. Town of Sherburne,* 147 Vt. 191, 196, 514 A.2d 702, 705 (1986).

Despite the failure of appellant to appeal the administrator's decision, the trial court considered appellant's arguments and both parties have briefed them here. We will exercise our discretion pursuant to V.R.A.P. 2 to consider appellant's arguments despite the jurisdictional defect. See *Castle* v. *Sherburne Corp.,* 141 Vt. 157, 165, 446 A.2d 350, 354 (1982).

The zoning administrator's decision was based on his determination that the canopy encroached on the front yard setback of twenty feet as required by Town of Hartford Zoning Ordinance Table 4.2-4.6. Under § 4-7-2 of the ordinance, a front yard is the yard between "the front line of a building" and the "front lot line." The depth of the front yard is measured from "the street line to the front line of the building." Appellant argues that the canopy is not a "building" so it can not encroach on the required front yard; that even if it is a building, the distance from the canopy to the "street line" exceeds the required twenty feet; and, in any event, the violation is de minimi and inadvertent. We consider these arguments in turn.

■ Appellant argues that the canopy over the gas pumps is not a "building," but is merely a "structure" as the terms are defined in Hartford's zoning regulations.[2] Under the ordinance, a "building" is a "structure for the shelter . . . of persons . . . or property." Clearly the canopy provides protection from the rain and the snow for patrons of the gas station and for the gasoline pumps

---

[2] The zoning regulation, Article VII, definition section, states:
  "*Building.* Any structure for the *shelter*, support or enclosure of persons, animals, chattels or property of any kind."
  "*Structure.* Anything constructed or erected with a fixed location on the ground, or attached to something having a fixed location on the ground. Among other things, structures include buildings, swimming pools, billboards, and poster panels."
  Town of Hartford Zoning Regulations, at 54, 60 (emphasis supplied).

themselves. That the canopy is designed to protect patrons from the elements is bolstered by the fact that the facility is a self-service gas station. We have no difficulty, then, in holding that the canopy is a "building" as that term is defined in the ordinance. Cf. *Lubinsky* v. *Fair Haven Zoning Board*, 148 Vt. 47, 527 A.2d 227 (1986) (statutes must be construed to be given their plain meaning and to reach the legislative intent). See, e.g., 2 R. Anderson, American Law of Zoning § 9.56 (3d 1986) (a picnic deck is a "building" which must be placed behind the setback line) (citing *Boothbay Harbor* v. *Russell*, 410 A.2d 554 (Me. 1980)). Since the canopy is a building, the front yard depth is measured from its edge as the zoning administrator found.

Appellant's second argument is that the distance between the "front-line" of the building and the "street-line" exceeds the twenty foot requirement set forth in the ordinance and that the superior court was in error for finding that it did not. This argument comes down to a dispute about what line must be twenty feet or more from the building to comply with the ordinance. Both the zoning administrator and the trial court measured to the appellant's property line. Appellant argues that the measurement is to the "street line" which appellant places on the other side of the sidewalk from its property line. Since the distance from the building to the property line plus the distance across the sidewalk is shown on appellant's site plan to exceed twenty feet, appellant argues here that it meets the front yard requirement.

It would be improper for us to consider this argument since it is raised for the first time on appeal.[3] *Town of Brighton* v. *Griffin*, 148 Vt. 264, 267, 532 A.2d 1292, 1294 (1987). In any event, it is impossible on this record to determine whether the sidewalk lies within or without the street line. This deficiency is fatal to appellant, which has the burden of proof in this case. See *L.M. Pike & Son, Inc.* v. *Town of Waterford*, 130 Vt. at 436-37, 296 A.2d at 266.

Finally, appellant argues that the encroachment on the front yard set-back is de minimi and caused by inadvertent mistake.

---

[3] Indeed, we have to engage in fact finding by taking measurements from appellant's site plan and scaling them to actual distances. It is up to the trial court in the first instance to determine the reliability of the site plan and to accept or decline the measurements as sufficient proof. The trial court was never given this opportunity.

For these reasons, appellant urges us to hold that it complies with the zoning ordinance.

We find nothing in the ordinance or the zoning enabling acts that would allow us to declare a substantial violation of a setback requirement to be lawful because the violation is de minimi overall. On the contrary, 24 V.S.A. § 4443(a)(1) prohibits the zoning administrator from issuing a permit "except in conformance with . . . zoning regulations." Nor is there any support for the ingenious position that a violation can be lawful because the violator was unaware of the requirements of the zoning ordinance. Of course, if the town chooses to bring an enforcement action for a fine, 24 V.S.A. § 4444(a), or an injunction, 24 V.S.A. § 4445, the circumstances surrounding the violation may be relevant in determining the appropriate remedy.

*Affirmed.*