## Application of McDonald's Corp.

[560 A.2d 362]

No. 87-439

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed March 3, 1989

Motion for Reargument Denied April 13, 1989

*Allan R. Keyes* and *Shawn E. Arnold* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Plaintiff-Appellant.

*Earl W. Richardson*, pro se, Rutland, Defendant-Appellee.

**Dooley, J.** McDonald's Corporation appeals from the decision of the Rutland Superior Court denying it a zoning variance made pursuant to 24 V.S.A. § 4468(a). McDonald's argues that the trial court misapplied the "five criteria" of the zoning variance statute. We disagree and affirm.

The facts are as follows. Gerald and Patricia McCue own a lot that is irregularly shaped along Woodstock Avenue in Rutland. For purposes of this litigation it is helpful to view the lot as two parcels. One fronts on Woodstock Avenue for 125 feet with a depth of 150 feet and is essentially a rectangle. The second parcel is behind the first and is irregularly shaped in part because it goes behind other lots that front on Woodstock Avenue. This land has no frontage on Woodstock Avenue. The whole lot is approximately 1.35 acres with roughly 19,000 square feet in the first parcel and 40,000 square feet in the second parcel. The most important fact for purposes of this litigation is that the first parcel is in a commercial zone established to run right along Woodstock Avenue and the second parcel is in a residential zone. This litigation actually deals with a portion of the second parcel lying immediately behind the first parcel for a depth of 25 feet. This 25 foot strip is swampy and wet and lies approximately 5 feet below the surrounding grade. It would be difficult and expensive to drain and fill this land to use it for residential purposes.

McDonald's leased the McCue property and originally planned to develop the whole parcel as a fast food restaurant. The Rutland Zoning Board refused to give McDonald's a variance for the commercial use of the residentially zoned land. McDonald's claimed that defects in the denial meant that the variance was granted as a matter of law. Litigation resulted and this Court eventually rejected McDonald's position, foreclosing it from using most of the residentially zoned land for commercial purposes. See

*City of Rutland* v. *McDonald's Corp.,* 146 Vt. 324, 503 A.2d 1138 (1985).

During the earlier litigation, McDonald's returned with a scaled down development proposal in which its restaurant was placed wholly within the commercially zoned parcel. However, the proposal still needed a variance because the parking lot encroached 25 feet into the second, residentially zoned, parcel. On February 17, 1982, the Rutland Zoning Board granted this variance essentially because the nature of the 25 foot strip made it economically infeasible to use it for residential development. A group of surrounding residential landowners, appellees here, appealed to the superior court pursuant to 24 V.S.A. § 4471. Acting de novo, the trial court denied the variance because it found that McDonald's did not meet two of the variance criteria contained in 24 V.S.A. §§ 4468(a)(2) and (a)(3).

Citing this Court's decisions in *Gadhue* v. *Marcotte,* 141 Vt. 238, 446 A.2d 375 (1982), and *Sorg* v. *North Hero Zoning Board of Adjustment,* 135 Vt. 423, 378 A.2d 98 (1977), the trial court found that McDonald's could use the entire property in conformity with the zoning restrictions, although it would not be McDonald's preferred use. See 24 V.S.A. § 4468(a)(2) (variance may not be issued unless unique physical circumstances of property preclude development in strict conformity with zoning regulations). The trial court also found that McDonald's did not meet the criteria of 24 V.S.A. § 4468(a)(3), which requires that the hardship not be created by the person seeking the variance in order for that person to qualify for a variance. The court, citing *In re Ray Reilly Tire Mart, Inc.,* 141 Vt. 330, 334, 449 A.2d 910, 912 (1982) (when purchaser purchased a small parcel, knowing that he would need a variance to develop, hardship found to be self-created); *Lewis* v. *Pickering,* 134 Vt. 22, 26-27, 349 A.2d 715, 717 (1975) (mere fact that an applicant acquired title to land after the zoning restrictions were in effect was not a per se self-created hardship); and *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 321, 262 A.2d 472, 477 (1970), found that the "affirmative act" of McDonald's was its acquisition of a parcel of property that it knew was unsuited for its purposes.

Appellant makes essentially two arguments: (1) the zoning variance criteria should have been applied by the trial court only to the 25-foot strip in the residential zone and not to the entire parcel; and (2) McDonald's did not create its own hardship. At

the outset, we note that this Court will uphold a superior court's ruling unless it is shown to be clearly erroneous, arbitrary, or capricious. Cf. *Brassard Bros.* v. *Barre Town Zoning Board of Adjustment,* 128 Vt. 416, 421, 264 A.2d 814, 817 (1970) (prior to enactment of 24 V.S.A. § 4468(a), board of adjustment's decision was not to be interfered with by the county court unless clearly unreasonable, arbitrary or capricious); *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. at 319, 262 A.2d at 476.

■ McDonald's first argument goes too far. The 25-foot strip in question is too small to be developed separate from the surrounding land even if it were not low and swampy. To view it in isolation from the surrounding land is to guarantee it a variance even if it could be part of a residential development without additional site work. McDonald's position here is similar to that advanced in *In re Ray Reilly Tire Mart, Inc.,* where the applicant purchased a small irregular shaped piece of land subdivided from a much larger parcel. This Court found that the subdivision and purchase created the hardship so that to allow the variance "would encourage evasion of local zoning regulations through the selective purchasing of subparcels of property that by their physical nature and size would be appropriate subjects for a variance." 141 Vt. at 334, 449 A.2d at 912. In this case, the applicant has defined the variance land in the same way that the applicant in *Ray Reilly Tire* subdivided the land — so as to make a variance inevitable and to evade the ordinance.

The zoning variance statute requires that the five criteria be judged in relation to the "property." McDonald's argues that the "property," in the context of 24 V.S.A. § 4468(a), means only that portion of the property not zoned in accordance with its needs.

The statute discusses "the property," not a section of the property upon which a party may intend to build. 24 V.S.A. § 4468(a). The statute provides "the board of adjustment or superior court may grant variances . . . if all the following facts are found . . . ." Three of the five factors discuss the "particular property" and "the property." 24 V.S.A. §§ 4468(a)(1), (2) & (4). Nowhere in the statute is it contemplated that the reviewing body should look at a particular lot in segments.

The purpose of zoning is the orderly physical development of property by confining uses to particular districts. *In re Maurice Memorials,* 142 Vt. 532, 535, 458 A.2d 1093, 1095 (1983). We must

interpret a statute in light of its legislative purpose. *Lubinsky* v. *Fair Haven Zoning Board,* 148 Vt. 47, 49, 527 A.2d 227, 228 (1986). We must also avoid irrational constructions that lead to unreasonable or unjust results. *Id.* at 50, 527 A.2d at 228. In light of these construction rules, we reject appellant's argument. The trial court was correct in examining all of the McCue property in relation to the variance criteria.

Once we view the trial court's decision in light of all of the property controlled by McDonald's, we believe the trial court's decision was correct. Variances are not to be given to guarantee the most profitable use of the property. *DeWitt* v. *Town of Brattleboro Zoning Board of Adjustment,* 128 Vt. at 321, 262 A.2d at 477. As the trial court found, McDonald's is able to use the McCue land for commercial purposes even if it can't put any part of the development on the 25-foot strip. We are also sensitive to the fact that the City of Rutland chose to limit the commercial zone to a 150-foot depth from Woodstock Avenue to protect surrounding residential areas. Presumably, the city was aware of the land ownership and the topography. Variances under these circumstances will push commercial uses into the residential zone.

While the trial court did not view the 25-foot strip in relation to the remainder of the land in the residential zone, McDonald's also faces hurdles in such an analysis. We note this partly because McDonald's relied in its brief on a case that used a similar analysis, *Turner* v. *Richards,* 366 A.2d 833 (Del. 1976). In *Turner,* the applicant wanted to build an apartment building on a lot zoned for that purpose but lacked adequate parking. To supply the parking, the applicant purchased an adjoining lot in a low density residential zone. The court rejected a hardship argument based on the inability to use the first lot without adequate parking, holding that the hardship must be based on inability to use the second lot for an authorized purpose. A comparable analysis here would be to look at the entire residentially zoned parcel. When we do that, we find that the parcel can be used for residential purposes. The 25-foot strip may be a needed buffer between commercial and residential uses. Thus, its present undisturbed state constitutes a "use" that allows for development in the residential

zone.* When viewed from this perspective, defendant still does not meet the variance criterion.

██ The superior court also denied the variance because it found that the hardship was created by McDonald's so it did not meet the third variance criterion. See 24 V.S.A. § 4468(a)(3). In view of our disposition on the second criterion, we do not analyze this issue in depth. We hold that the trial court's decision is correct. What creates the "hardship" here as defined by McDonald's is the designation of the 25-foot strip as the variance area. If we look at the whole McCue property, there is no hardship. Thus, "the hardship" complained of by appellant is self-induced through the affirmative act of identifying a small part of the land rather than looking at all of it. As noted above, this case is comparable to *In re Ray Reilly Tire Mart, Inc.* where we held that the subdivision of a small, irregular shaped lot from a larger parcel created the hardship. We found the subdivision in *Ray Reilly Tire Mart* to be a self-induced hardship that did not qualify under the third criterion. For the same reason, this development does not qualify.

*Affirmed.*

---

* Apparently, development of the swampy land for commercial purposes is possible by filling it in. This is not so for residential purposes. This would always be true where difficult to develop land is located in a residential zone and the economic return in a commercial development would prove greater than the return in a residential development.