# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Caryl T. Adams and   }
Sallie K. Adams   }
        }   Docket No. 142-6-02 Vtec
        }
        }

## Decision and Order on Town's Motion for Summary Judgment

Appellants Caryl T. Adams and Sallie K. Adams appealed from a May 13, 2002, decision of the Zoning Board of Adjustment (ZBA) of the Town of West Haven. Appellants are represented by Peter H. Banse, Esq.; Grantor The Nature Conservancy has not entered an appearance in this matter; Grantee Town of West Haven is represented by John S. Liccardi, Esq.

The Town has moved for summary judgment. in its favor on all four issues in the Statement of Questions. The matter was reassigned to Judge Wright effective November 27, 2002. The following facts are undisputed unless otherwise noted.

The Nature Conservancy owned a 233-acre parcel of land in the Conservation zoning district, bounded on the west by Lake Champlain, on the north by lands of Appellants, and on the east by Town Highway #4[1] (West Haven Main Road). The boundary with Appellants' land is described in the deed as a 'very old road' extending from the mean water line of Lake Champlain 617.4 feet to Town Road #4. The Nature Conservancy purchased the property in mid-November of 1993 and had a survey done of the property in 1994. Appellants may dispute the boundary between their property and what was The Nature Conservancy's property as surveyed at this time, but, if so, that dispute is not material to the present appeal.

The parties have not presented to the Court as an undisputed fact whether the land lying under Town Highway #4 is owned by the Town, or whether the Town holds an easement or right-of-way for Town Highway #4. This fact may be material to at least one theory of this transaction, if not to the present appeal.

In July of 1998, The Nature Conservancy conveyed to the Town a 0.6-acre strip of its land, 52.5-feet wide, along the northern boundary of its 233-acre parcel, extending from Lake Champlain to Town Highway #4. The land conveyed extends 617.4 feet from the mean water line of the lake to Town Highway #4, runs a an angle for 80.8 feet along the west side of Town Highway #4, and extends back west to the lake.

The land was conveyed subject to restrictions and conditions, limiting its use to that for public access to Lake Champlain by foot and snowmobile, and specifically prohibiting other motor vehicle use, including ATVs, except as needed by the Town for maintenance. The conditions allowed the Town to establish a parking area for six cars along the road frontage of Town Highway #4 and to place a floating dock up to 25' in length in the lake, and required the Town to

install a gate to prevent access by unauthorized use of the parcel by vehicles and to put up a sign stating that the access was a gift to the Town from The Nature Conservancy. The deed contained a waiver of development rights required by the ' Deferral of Permit' issued by the State Department of Environmental Conservation in connection with the subdivision. At the time of the conveyance, The Nature Conservancy did not obtain approval from the Town for the subdivision and did not obtain a zoning permit.

Subsequent to this conveyance, The Nature Conservancy conveyed a 40-acre parcel, bounded on the north by the strip of land at issue in this appeal, to another grantee. No facts have been presented to the Court regarding the grantees of that transaction and their understandings of or expectations about the public access created by the conveyance of the adjacent strip of land to the Town, and they are not parties to this appeal.

In 2001, Appellants inquired of the Zoning Administrator as to why no permit had been issued for the subdivision of the strip of land. The Zoning Administrator responded that he did not believe that a permit was required, as the parcel was contiguous to and was being added to the Town' s road system. Appellants appealed that decision to the ZBA and to the Court (Docket No. 109-7-01 Vtec), but it was dismissed as moot in September of 2002, based on the fact that The Nature Conservancy had been granted the subdivision permit at issue in the present appeal.

In March of 2001, zoning amendments were proposed that would have amended § 709 to exempt parcels given to the municipality for a public purpose, and to exempt parcels encumbered by development restrictions against building construction. Those amendments however, were not adopted by the voters at the March 2002 Town Meeting.

The ZBA denied Appellants' appeal of the February 2002 zoning permit in May 2002, on the basis that the parcel did not fall within the definition of a ' lot' under the Town' s Zoning Regulations, as it was not occupied by or to be occupied by a building.

This matter has arisen from a curious set of facts. If The Nature Conservancy had merely granted the Town an easement or right-of-way over this strip of land, none of the issues in this appeal would arise. It could have done so, with the same conditions as were imposed on this conveyance. The easement or right-of-way would not have triggered the subdivision regulations and would not have required a zoning permit. The Nature Conservancy could then have sold the forty-acre parcel to the south of this strip of land as a 40.6-acre parcel subject to the easement to the Town[2].

However, that is not what was done in this transaction. What occurred in this transaction was the conveyance to the Town of an approximately 617.4-foot long by 52.2-foot wide strip of land with approximately 52.2 feet of frontage on the lake and 80.8 feet of frontage on a public road. The parcel, considered as a separate parcel[3], is undersized as to acreage, width and road (or lake) frontage[4] for the zoning district.

Since the parcel was not a pre-existing undersized lot, it cannot be created as a non-complying parcel. See, e.g., Drumheller v. Shelburne Zoning Board of Adjustment, 155 Vt. 524 , 528-29 (1990). It cannot be created as a non-complying parcel regardless of whether it meets the

definition of 'lot' or is intended for further development or the construction of buildings. See §
204 of the Zoning Regulations and see In re Ray Reilly Tire Mart, Inc., 141 Vt. 330, 334 (1982)
(" To hold otherwise would encourage evasion of local zoning regulations through the selective
purchasing of sub-parcels of property that by their physical nature and size would be appropriate
subjects for a variance." )

Section 709 prohibits the reduction of the area of a complying lot if that reduction would result
in a lot that is non-complying as to any of the dimensional requirements. That section contains an
exception if the reduction in lot area is due to part of the original lot's having been taken for a
public purpose, that is, if the reduction in lot size was beyond the control of the original lot
owner. Section 709 does not apply, for two reasons. First, it does not apply because the
conveyance of the undersized lot was voluntary on the part of the original lot owner. Second,
even if the exemption applied " when part of a lot is taken ' or otherwise acquired' for a public
purpose," the exemption applies to the reduction in size of the original lot after the portion is
taken or acquired, and not to whether the portion taken or acquired is itself is undersized, as in
the present case.

Article VI of the Zoning Regulations defines the term ' development' in pertinent part as the
division of a parcel into two or more parcels. Section 802(A) of the Zoning Regulations requires
a zoning permit prior to any land ' development' or change of use of land. Therefore, a zoning
permit was required both because this was the division of a parcel into two or more parcels, and
because it proposed a change in use of the strip of land, at least from use as a private access to
use as a public access.

The Town argues that the creation of this parcel was exempt from the lot area and frontage
requirements of § 303 as the parcel does not fall within the strict definition of " lot" in Article VI
of the Zoning Regulations. However, this reading of the definition of ' lot' on its own leads to an
absurd result. The West Haven Zoning Regulations speak in terms of two concepts, a ' parcel'
and a ' lot' . A permit is required for any division of a parcel into two or more parcels, regardless
of the intended use of the resulting land. A ' lot' is a parcel which meets the two criteria: 1) that it
is occupied (or to be occupied) by a building and 2) that it complies with all the dimensional
requirements. This definition is internally inconsistent with § 702, which give protections to '
pre-existing small lots' which do not by definition comply with all the required dimensional
requirements. A town cannot create regulations inconsistent with those of the state statute in this
respect. In re Richards, 13 Vt. L. Week 265 (2002).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's
Motion for Summary Judgment is DENIED and Summary Judgment is GRANTED to
Appellants that the definition of ' lot' in the Town's regulations does not allow the creation of an
undersized parcel of land, even if it is to remain undeveloped by buildings or other structures.
We will hold an in-person conference at 9:00 a.m. on January 8, 2003 at the Rutland District
Court (see enclosed conference notice) to discuss if any of the issues in the Statement of
Questions remain for hearing in this matter, or if it should be remanded for further action
consistent with this decision, or if the parties wish to discuss a resolution of this dispute.

Done at Barre, Vermont, this 31st day of December, 2002.

_____

Merideth Wright
Environmental Judge

**Footnotes**

1. The Town's memorandum refers to Town Highway #24 but all the other materials, including the deeds, refer to Town Highway #4.

2. It remains possible, with the agreement of the grantees of that adjacent parcel, to accomplish that result, in which case the strip of land at issue in this appeal would merge with the adjacent 40-acre parcel, and this appeal would become moot. That then-40.6-acre parcel would comply with the frontage requirements if it has more than 200 feet of frontage on Lake Champlain, or has more than 200 feet of frontage on Town Highway #4. The Town would be left with an easement or right-of-way for the public access, with all the conditions required by The Nature Conservancy.

3. However, if the Town actually owns the land lying under Town Highway #4, then this undersized parcel would merge with the adjacent Town land in Town Highway #4, and it would not constitute the creation of a non-complying parcel. No facts were presented as to the Town's ownership of the land lying under Town Highway #4; but this is not a fact material to the present appeal.

4. If it had been conveyed for the purpose of use as a public road for vehicles, rather than as a footpath for lake access, then the frontage requirement possibly could have been satisfied by the parcel's itself being a public road.