STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 35-2-10 Vtec

In re Hogan Variance Permit
(Appeal of Peterson)

## Decision on Cross-Motions for Summary Judgment

This matter arose after the Town of Shaftsbury Development Review Board ("DRB") granted William and Andrea Hogan ("Applicants") a variance for an already-constructed extension to their shed on property located at 1264 Old Depot Road in Shaftsbury, Vermont. Michael A. Carver appealed the DRB's decision to this Court on behalf of Mary Anne Peterson ("Neighbor"), who is an adjoining landowner to Applicants' property.[1]

Applicants are represented by Thomas J. Dailey, Esq.; Neighbor is represented by Paul S. Gillies, Esq.; the Town of Shaftsbury ("Town") is represented by Robert E. Woolmington, Esq.; Interested Persons Robert and Catherine Brawer are represented by Elizabeth A. Boepple, Esq.; and Interested Person Ellen Schutz represents herself.

Currently pending before the Court are cross-motions for summary judgment filed on behalf of the two principal parties in this appeal. Applicants assert that Neighbor's appeal is untimely and barred by 24 V.S.A § 4472(d). Neighbor asserts that Applicants cannot meet the applicable variance criteria for the as-built shed extension so judgment should be entered against the variance request as a matter of law. None of the remaining parties has chosen to file a response to the pending motions.

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. Applicants own and reside on a 41,382-square-foot parcel located at 1264 Old Depot Road in the Rural Residence Zoning District ("RR District") of Shaftsbury. The property is triangular in shape and includes numerous trees as well as the as-built shed extension, the original shed, a house, a two-space parking area, and water supply and septic systems.

---

[1] Mr. Carver is Ms. Peterson's brother, and he has a power of attorney to act on her behalf.

2.     Neighbor owns property directly abutting Applicants' property to the east. Neighbor's address is unclear from the record, but it appears to be 1370 Old Depot Road.

3.     On September 15, 2001, Applicants applied for a permit to demolish and rebuild a shed on their property. The site plan sketch accompanying the application reveals that the proposed shed was to be built in the southeastern segment of Applicants' property, but it does not indicate the distance between the shed and the property boundary shared with Neighbor to the east. On September 18, 2001, the Town of Shaftsbury Zoning Administrator ("Administrator") approved Zoning Permit No. 01-5497 authorizing the proposed construction. That decision was not appealed.

4.     On August 29, 2008, Applicants applied for a second zoning permit to construct an addition to the shed. The site plan sketch accompanying the application illustrates the proposed extension as flush with the easterly wall of the rebuilt shed. It also includes notations indicating that the proposed extension would be twenty-five feet from Applicants' eastern property line and forty-five feet from Applicants' southern property line. On October 6, 2008, the Administrator approved Zoning Permit No. 08-86-46[2] authorizing the proposed extension. This decision was also not appealed.

5.     Applicants completed construction on the extension sometime in the summer of 2009. As built, the shed and its extension lie within the twenty-five-foot setback for the RR District.[3] Town of Shaftsbury Zoning Bylaw ("Bylaws") § 4.1.2.

6.     Mr. Carver commissioned a survey in August 2009 on behalf of Neighbor to establish the location of Neighbor's property boundaries. This survey represents that Applicants' original shed and the newly constructed extension are located within the setback, perhaps as close as two-and-a-half feet from the common boundary line. Mr. Carver then complained to the Administrator on behalf of Neighbor that the shed extension violates Bylaw §4.1.2.

7.     In a letter dated September 14, 2009 the Administrator referenced the complaint by Neighbor and requested access to Applicants' property to verify the location of the shed

---

[2] While a few documents in the record refer to Permit No. 08-86-40, a majority refer to 08-86-46, and we understand the latter to be the correct reference.

[3] Although the parties appear to disagree as to whether Applicants' property is zoned as RR-40 or RR-80, both of these zoning districts require a twenty-five-foot setback along the side and rear yards. Additionally, both of the principal parties in this appeal stipulate in their Statements of Material Facts that the shed extension is within the twenty-five-foot setback.

2

extension. It is unclear from the record whether the Administrator determined that the structure was in violation of the setback or whether a notice of violation was issued.

8. Applicants then submitted a new application by which they requested a variance from the side yard setback requirement.

9. The DRB held a public hearing on Applicants' variance request on January 6, 2010. Following this hearing, the DRB moved to a deliberative session, where it voted unanimously to grant the variance.

10. At its subsequent meeting, held on February 3, 2010, the DRB voted to approve the minutes of its January meeting and to approve the draft decision granting Applicants' variance request. The final decision is dated January 5, 2010, but the record before us reveals that it was not actually approved, distributed to the parties or posted in the Town Clerk's office until sometime after the DRB's February 3rd meeting.

11. Mr. Carver, on behalf of Neighbor, filed an appeal with this Court on February 19, 2010, challenging whether Applicants are entitled to a variance for the as-built shed extension.

## Discussion

This de novo appeal involves Applicants' efforts to secure a variance for an already-constructed shed extension that lies within the applicable twenty-five-foot minimum setback from their common boundary with Neighbor. A permit in 2008 authorized Applicants to construct the shed extension, but it was premised upon Applicants' representation that the to-be-constructed extension would respect the twenty-five-foot side yard setback. After Neighbor complained about the setback encroachment of the as-built shed extension, Applicants sought a variance from the DRB. When the DRB approved Applicants' variance request, Neighbor, who owns the property that abuts Applicants' property to the east, appealed to this Court.

Currently pending before the Court are cross-motions for summary judgment. Applicants assert that they are entitled to summary judgment because Neighbor is precluded by 24 V.S.A. § 4472 from challenging the DRB's prior approval of Applicants' plan to build an extension to their shed, and that Neighbor should not be allowed to challenge that prior, unappealed permit determination in these current proceedings. Neighbor, conversely, argues that Applicants' variance request must fail as a matter of law since Applicants cannot satisfy the variance criteria prescribed in 24 V.S.A. § 4469.

3

We first note in passing that, in reviewing the pending motions for summary judgment, the Court previously raised the issue of whether Neighbor's appeal conforms to the 30-day filing deadline imposed by V.R.E.C.P. 5(b). See Entry Order filed August 4, 2010. We raised this issue because we were confused about the date the DRB decision was actually issued. The date on the decision is January 5, 2010, while Neighbor's appeal was filed on February 19, 2010, more than 30 days later. In response to the Court's August 4th Entry order, Neighbor clarified that the date listed on the DRB's decision reflects the date of the vote,[4] but that the decision was not written until sometime thereafter and was not approved by the DRB until its next meeting, held on February 3, 2010.

Based on this clarification, we conclude that Neighbor's appeal was timely filed, since it was received on February 19, 2010 and therefore well within the thirty day appeal period directed by V.R.E.C.P. 5(b). Having addressed this procedural issue, we move on to the substantive issues the parties raise in their respective motions.

## I.    Summary Judgment Standard

As we have noted in prior decisions, a grant of summary judgment is only appropriate "when the moving party has demonstrated that there are no genuine issues of material fact and it is entitled to judgment as a matter of law." Puro v. Neil Enters., 2009 VT 95, ¶ 10 (mem.) (quoting Goldman v. Town of Plainfield, 171 Vt. 575, 575 (2000) (mem.)); see also V.R.C.P. 56(c)(3). When filing a motion for summary judgment, the moving party is obligated to submit a statement of allegedly undisputed material facts that includes specific citations to the record. V.R.C.P. 56(c)(2). When the court is considering cross-motions for summary judgment, each party "is entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged." City of Burlington v. Fairpoint Commc'ns, 2009 VT 59, ¶ 5 (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)). However, as V.R.C.P. 56(e) makes clear, the non-moving party can "not rest on allegations in the pleadings to rebut credible documentary evidence or affidavits" submitted by the moving party, Gore v. Green Mountain Lakes, but must instead refer to supportive evidence in the record. 140 Vt. 262, 266 (1981). Additionally, when the non-moving party bears the burden of proof at trial, that party must "persuade the court that there is a triable issue of fact," whereas the duty of the moving party is

_____

[4] The meeting minutes are dated January 6, 2010, but this discrepancy is not material. The most operative date is when the DRB approved the decision and directed its issuance, which we understand from the clarification provided by attorneys for Neighbor and the Town occurred during the DRB's subsequent meeting, held on February 3, 2010.

4

simply to show that there is an absence of such evidence. See <u>Boulton v. CLD Consulting Eng'rs</u>, 2003 VT 72, ¶ 5, 175 Vt. 413 (quoting <u>Ross v. Times Mirror, Inc.</u>, 164 Vt. 13, 18 (1995)). We address the parties' motions with these standards in mind.

## II. <u>Applicants' Motion for Summary Judgment</u>

Because Applicants' motion for summary judgment challenges the Court's jurisdiction over the pending appeal, we examine that motion first. Applicants argue that 24 V.S.A. § 4472 bars Neighbor from challenging the DRB's prior approval of Applicants' plan to build an extension on their shed, and that Neighbor's current appeal of the variance approval is therefore barred. To the extent that 24 V.S.A. § 4472 operates as a bar to the current variance appeal, Applicants contend that this Court lacks the jurisdiction to hear this challenge. Specifically, Applicants contend that Neighbor failed to file a timely appeal of either the Administrator's 2001 issuance of Permit No. 01-5497 for construction of the original shed or the 2008 issuance of Permit No. 08-86-46 for construction of the shed extension. Applicants allege that because these prior permit decisions are now final, Neighbor's current appeal of the DRB's variance decision for construction of the shed extension within the setback area is an indirect collateral attack on the prior decisions and should be barred under 24 V.S.A. § 4472(d). Applicants further site to <u>Levy v. Town of St. Albans Zoning Board of Adjustment</u> for the proposition that an unappealed zoning administrator's decision is final, even if the administrator acted beyond his or her authority. 152 Vt. 139, 142-43 (1989).

Applicants' arguments in this regard are misplaced. Neighbor is not challenging the prior permits that authorized the construction of the shed or its extension; Neighbor is challenging the propriety of Applicants' decision, conscious or otherwise, to construct the shed extension in a manner that <u>does not</u> conform to either the prior permit approval or the existing setback requirements. Specifically, Neighbor is challenging the propriety of the DRB's 2010 decision to grant Applicants a variance for their as-built extension, which the parties agree is located within the twenty-five-foot setback. Neighbor raises no challenge to either the 2001 or the 2008 permits authorizing Applicants' construction. In fact, it appears from the record before us to be undisputed that if Applicants had built their shed extension in conformance with the representation in their 2008 application – that it would be located outside of the twenty-five-foot side yard setback – no variance would be needed, and this appeal would not have occurred.

Section 4472(d) is not applicable to this appeal since Neighbor filed a timely appeal of the 2010 municipal land use determination that she wished to contest. We therefore conclude that, to the extent Applicants' summary judgment motion is premised upon 24 V.S.A. § 4472, it must be **DENIED**.

### III. Neighbor's Motion for Summary Judgment

Turning to Neighbor's motion for summary judgment, Neighbor argues that Applicants cannot satisfy the applicable variance criteria prescribed by 24 V.S.A. § 4469(a) and that Neighbor's variance request must therefore fail as a matter of law. It is well settled law that to receive a variance from conformance with applicable zoning requirements, an applicant must satisfy all five statutorily-established criteria. See Blow v. Town of Berlin Zoning Adm'r., 151 Vt. 333, 335 (1989) (citations omitted) (referencing 24 V.S.A. § 4468(a), which was the predecessor to § 4469(a)). Thus, when an applicant is shown to be unable to satisfy even just one of the criteria, their application must be denied as a matter of law. E.g., In re Ray Reilly Tire Mart, 141 Vt. 330, 332 (1982); see Blow, 151 Vt. at 336. With this standard in mind, we review the Questions Neighbor presents in this appeal and the legal issues she raises in her summary judgment motion.

Neighbor raises the following Questions in her appeal, arguing that Applicants cannot show that their shed extension satisfies three of the statutory criteria:

(1) "Whether [Applicants'] addition to an existing shed can qualify for a variance as the 'unnecessary hardship' was created by [Applicants], notably by [their] construction of the addition within the side setback . . . ." Citing 24 V.S.A. § 4469(a)(3).

(2) "Whether [Applicants'] addition qualifies for a variance as there is more than a 'possibility that the property can be developed in strict conformity with the provisions of the bylaw' and as the authorization of a variance is not necessary to enable the reasonable use of the property." Citing 24 V.S.A. § 4469(a)(2).

(3) "Whether [Applicants'] addition qualifies for a variance as there are no unique physical circumstances or conditions peculiar to the property and that there is no unnecessary hardship involved in this property." Referencing the variance criteria contained in 24 V.S.A. §§ 4469(a)(1) and (3).

Neighbor's Statement of Questions, filed March 3, 2010.

Neighbor specifically contends that Applicants do not face a hardship in the use and enjoyment of their property because Applicants parcel is flat and large enough to allow for placement of a shed extension in a location that would respect the applicable setback

6

requirements. Neighbor also contends that Applicants have already made reasonable use of their property via their house, lawn, and original shed. Neighbor further argues that Applicants created their own hardship by choosing to place the shed extension in the setback, contrary to the permit they received and the applicable setback regulations.

Like any applicant requesting a variance, Applicants here carry the burden of proving that their project complies with all five variance criteria. See L.M. Pike & Son, Inc. v. Town of Waterford, 130 Vt. 432, 435 (1972); Blow, 151 Vt. at 335 (citations omitted). Our Supreme Court has phrased this legal maxim succinctly: "[i]f just one criterion is not satisfied the variance must be denied." In re Ray Reilly Tire Mart, 141 Vt. at 332.

Thus, Neighbor's motion presents the legal challenge of determining whether there are any facts in the record that would allow us to conclude that Applicants could satisfy their burden of proof that a variance should be allowed for their as-built shed extension. See Boulton, 2003 VT ¶ 5. We conclude that, even while viewing the facts in a light most favorable to Applicants, any unnecessary hardship Applicants now face was of their own making and that their property already is, and can continue to be used and developed, in strict conformity with the applicable zoning bylaws. Thus, we conclude that Applicants' variance request must be denied as a matter of law.

Our legal conclusions here are not dependent upon ignoring Applicants' assertions, first presented as arguments in their Response Memorandum of July 1, 2010, that they face unique physical circumstances on their property that make it difficult to locate an additional shed or extension on their property. Applicants argue that strict conformity with the setback requirements is not possible for their shed extension because of ledge and the entanglement of tree roots with underground rocks. Neighbor has not refuted that these features exist, nor has Neighbor refuted that Applicants' property has a unique triangular shape. Applicants' analysis, however, shows an incorrect interpretation of 24 V.S.A. § 4469(a)(1). We are not presented here with the legal question of whether an alternate location exists on Applicants' property that is as convenient or inexpensive to develop as the location chosen by Applicants for their shed extension. Our Supreme Court has repeatedly explained that variances cannot be "justified in terms of personal convenience or maximizing the profitable use of property." In re Mutschler, Canning and Wilkins, 2006 VT 43, ¶ 11, 180 Vt. 501 (mem.). Thus, even if Applicants may have to expend additional money and time to remove the trees and rocks so as to allow for

7

placement of a shed in compliance with the setback, such features do not warrant the grant of a variance under 24 V.S.A. § 4469(a)(1). See Sorg v. North Hero Zoning Bd. of Adjustment, 135 Vt. 423, 225-26 (1977) (distinguishing the existence of a leach field that could be relocated or built upon from the type of physical circumstances contemplated by the statute as warranting a variance).

Further (and more to the point), even if Applicants could show that it would be impossible to build a shed elsewhere on their property, it is undisputed that Applicants currently make residential use of their property through the existing house, associated parking area and site improvements. It is now well established that a variance is unnecessary when "any reasonable use can be made of the property which is in strict conformity with the zoning regulations." Gadhue v. Marcotte, 141 Vt. 238, 240 (1982); see also In re Dunnett, 172 Vt. 196, 200 (2001) (citations omitted). Here, Applicants are already making reasonable use of their property through the existing residence and associated improvements. Accordingly, Applicants have failed to show they could satisfy the § 4469(a)(2) criterion.

Lastly, to the extent that Applicants are now complaining about the hardship they face because their existing shed extension encroaches into the setback, we note that the only evidence presented is that by constructing the extension without confirming the correctness of their boundary line estimate, and by constructing the shed extension not outside of the twenty-five-foot setback, as they represented on the plans presented with their 2008 application, Applicants created the hardship they are now forced to confront. Thus, even when viewing the applicable facts in a light most favorable to Applicants, we must conclude that they are unable to satisfy the criterion contained in 24 V.S.A. § 4669(a)(3) as a matter of law. To satisfy this criterion, Applicants must show that the hardship they face "originate[d] from circumstances beyond the[ir] control [as] the property owner." In re Application of Fecteau, 149 Vt. 319, 321 (1988). Applicants concede that they constructed the shed extension without regard to the setback their own plan represented. In fact, it appears that the only substantive fact that Applicants assert in support of their pending variance request is that they constructed the extension in line with their pre-existing shed, which itself encroaches into the side yard setback. We know of no variance exception that allows for an extension of a pre-existing, non-conforming building.

Applicants' failure to show they could satisfy the criteria of 24 V.S.A. § 4469(a), even when viewing the facts in a light most favorable to them, necessitates denial of their variance

8

request as a matter of law. The record thus far provided reveals that Applicants have demonstrated neither the necessity of a variance to enable the reasonable use of their property nor a refutation of Neighbor's assertion that Applicants created the hardship from which they now seek relief. For these reasons, we hereby **GRANT** Neighbor summary judgment by concluding that Applicants' variance request must be denied as a matter of law. As a consequence, we also hereby **VACATE** the Town of Shaftsbury Development Review Board vote of January 3, 2010 and its Decision issued on or after February 3, 2010 to approve Applicants' variance request.

### Conclusion

For all the reasons more fully discussed above, Applicants' motion for summary judgment is **DENIED** and Neighbor's motion for summary judgment is **GRANTED**.

A Judgment Order accompanied this Decision, thereby concluding the proceedings on this appeal before this Court.

Done at Newfane, Vermont, this 30th day of September 2010.

_____
Thomas S. Durkin, Judge