STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 136-11-15 Vtec

| | |
|---|---|
| Taylor Conditional Use | JUDGMENT ORDER |

On March 21, 2017, the Environmental Division held a site visit at 981 Lackie Hill Road in St. Johnsbury, Vermont, and a merits hearing immediately following the site visit at the Vermont Superior Court in St. Johnsbury.  Applicants and property owners Stephen and Andrea Taylor (the Taylors) participated as self-represented litigants.  Neighboring property owner Diane Dargie (Ms. Dargie), represented by Andrew H. Montroll, Esq., participated in the site visit and trial.

After the parties had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate.  The Court thereafter reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order.  This Judgment Order is provided as a summary of those Findings and Conclusions and to satisfy the Court's obligation under Vermont Rule of Civil Procedure 58.  To the extent that the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the audio record of the March 21, 2017 hearing.

**Summary of Findings of Fact**

1.  The Taylors received a variance from setback requirements from the Town of St. Johnsbury Development Review Board (DRB) for two existing storage sheds and a proposed back deck for their mobile home.[1]

2.  The Taylors' neighbor, Diane Dargie, appeals the DRB's decision to this Court.

3.  Pursuant to pre-trial motions for summary judgment, the Court dismissed Questions 1, 2, 3, and 5 as outside the scope of our review.

---

[1] The original zoning application was signed by Stephen Taylor, husband of Andrea Taylor.  Andrea Taylor appeared at the site visit and trial on behalf of herself and her husband.

4. Only Question 4 remained for trial. This question asks whether the Taylors can be granted a variance for the deck and storage sheds on a non-conforming lot where the property has already been developed and prohibiting the additional structures would not cause hardship, and where any variance would exceed the minimum required to provide relief.

5. The Taylor's property at 981 Lackie Hill Road in St. Johnsbury, Vermont (Property) does not meet the minimum lot size requirements for the Rural Land Two (RL-2) zoning district where it is located.

6. The property is about 0.25 acres, measures approximately 75 feet by 150 feet, and is not connected to the Town's water and sewer systems.

7. Properties not served by the Town's water and sewer service in the RL-2 district must meet a minimum lot size of 2 acres per family. In addition, the lots must have at least 300 feet of street frontage, and minimum setbacks for structures of 50 feet from the front of the property, 50 feet from each side, and 100 feet from the rear of the property.

8. The Taylors' request to keep two storage sheds and construct a back deck requires reduced setbacks. The 100-foot rear-yard setback alone would prohibit any development on the lot.

9. In addition to the existing mobile home, the Property contains a two-story outbuilding, the first floor of which doubles as both a guestroom and family room. The top floor is used to display NASCAR memorabilia.

10. The two-story outbuilding replaced a former garage which was usable but in disrepair.

11. The two storage sheds already on the Property, for which the Taylors seek a reduced setback, measure 8 by 8 feet and 8 by 10 feet. The sheds contain yard maintenance equipment and seasonal, outdoor furniture.

12. Up to present times, the Taylors place outdoor furniture in their back yard for their use.

13. The proposed back deck on the mobile home, which also requires a reduced setback, would measure 10 by 20 feet.

14. The Taylors would install a hot tub on the back deck for their use.

15. A hot tub could alternatively be installed on the ground, however, it would be less efficient and less convenient to use.

## Summary of Conclusions of Law

The Taylors application to the DRB requested an "after the fact setback exception for existing storage sheds + new proposed deck." The Town's Zoning Administrator noted on the application that a "Waiver" was being applied for pursuant to the Town's Zoning and Subdivision Code of Ordinances (Town Code) Sections 302 and 307. Following the DRB's hearing, the Town issued its minutes, which constitute the DRB's written decision. In the minutes, the DRB granted a variance to the rear setback authorizing a reduced setback of 15 feet.

Ms. Dargie asserts that the Taylors are not entitled to a variance for the storage sheds and back deck because those improvements are not "necessary to enable the reasonable use of the [P]roperty." Town Code § 206.5 and 24 V.S.A. § 4469(a)(2). Ms. Dargie claims the two storage sheds are for convenience rather than necessity. The Taylors offered evidence that the sheds are necessary to meet storage requirements for the maintenance and reasonable use of the Property and that the deck is necessary for the installation and use of a hot tub.

Whether or not a variance of required setbacks is appropriate in this matter requires us to review Town Code § 206. § 206.5 states that the Environmental Division, sitting as the DRB in this matter, shall review a variance application in accordance with 24 V.S.A. § 4469.

Pursuant to 24 V.S.A. § 4469(a), a variance may be approved if all the following facts are found:

> (1) There are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to these conditions, and not the circumstances or conditions generally created by the provisions of the bylaw in the neighborhood or district in which the property is located.
> (2) Because of these physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the bylaw, and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
> (3) Unnecessary hardship has not been created by the appellant.
> (4) The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, or be detrimental to the public welfare.

(5) The variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan.

Based upon the Court's Findings of Fact, we conclude that the Taylors request for a variance of setbacks fails because the variance(s) is not necessary to enable the reasonable use of the property. Kelley Variance Application, No. 56-4-14 Vtec slip op. at 3 (Vt. Super. Ct. Envtl. Div. Sept. 29, 2014) (Walsh, J.) ("The statute does not protect a landowner's right to make all possible use of the property, just reasonable use."). See also, Gadhue v. Marcotte, 141 Vt. 238, 240 (1982) ("[I]f any reasonable use can be made of the property which is in strict conformity with the zoning regulations, 24 V.S.A. § 4468(a)(2)[2] will not be satisfied."). The Taylors are making reasonable use of their property. They have a large outbuilding that could be used for their storage needs, they are using their rear yard, and a deck is not required to install a hot tub.

At trial, Ms. Taylor offered that their request to keep the existing sheds and build the rear deck could be authorized by Town Code § 204.4.6 relating to reduced setback requirements authorized by conditional use review.[3] Even though we consider the Taylors' application de novo, any request for conditional use review would require a new application before the town. See In re Application of Lathrop Ltd. Partnership I, 2015 VT 49 ¶ 102, 199 Vt. 19 (explaining that this Court's review is limited to those matters that have undergone proper public notice and hearing before the local board).

---

[2] This was the precursor to 24 V.S.A. § 4469(a), with nearly identical wording:
> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable reasonable use of the property.

[3] We also note that pursuant to Town Code § 302.3, Rear and Side Setback Waiver, the DRB may approve, as a conditional use, a reduced rear or side setback.

The Taylors' application for a variance for reduced setbacks is **DENIED**. The DRB's October 22, 2015 decision granting the Taylors a variance is **VOIDED**. This decision does not foreclose the Taylors from seeking Conditional Use approval for the sheds and proposed deck pursuant to Section 204.4.6.

This concludes the current proceedings before this Court.

Electronically signed on March 22, 2017 at 02:50 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division